No. 21944.

THE PEOPLE OF THE STATE OF COLORADO *v.* JAMES MAXWELL AND CALVIN STRATTON.
(427 P.2d 310)

Decided May 8, 1967.

496

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, Rex H. Scott, District Attorney, Joseph C. French, Assistant, for plaintiffs in error.

Paul S. Dwyer, for defendants in error.

*En Banc.*

Mr. Justice Hodges delivered the opinion of the Court.

The defendants in error were charged with a violation of C.R.S. 1963, 118-16-1 through 7 for failing to register with the Real Estate Commission, a purported subdivision in Boulder County, prior to participation as owners, in the promotion and sale of certain parcels or portions of land within the subdivision. In brief, C.R.S. 1963, 118-16-1 through 7 captioned "Registration of Subdivision Developers" requires that subdivision developers of a tract containing a group of twenty or more building sites not intended for commercial or industrial use must apply to the Real Estate Commission and receive a Certificate of Registration as a subdivision developer before engaging in the promotion and sale of the sites.

Defendants filed a "Motion to Quash" the information on the ground that the "Registration of Subdivision Developers Act" is violative of both the Constitution of the United States and the Constitution of the State of Colorado.

The trial court granted the defendant's motion, dismissed the information and declared all of C.R.S. 1963, 118-16-1 through 7 unconstitutional.

By writ of error, the People seek reversal of the trial court's order.

I.

■ The defendants filed a motion in this court for dismissal of the writ of error on the ground that the District Attorney for Boulder County had failed to file a motion for new trial prior to issuance of the writ of error. This motion was denied. In their brief, the defendants again maintain that the writ of error on behalf of the People is fatally defective and should be dismissed on this ground. When this court denied the defendants' motion for dismissal of the writ of error, we in effect held that a motion for new trial was unnecessary under the circumstances of this case where a trial court on a motion to dismiss prior to trial (Motion to Quash) grants the motion and enters a final judgment of dismissal of the information or indictment. The Colorado Rules of Criminal Procedure, and specifically Rule 37(b) (Conditions of Review), are silent with reference to this matter. In this holding we adopt the reasoning behind Rule 59(h) of the Colorado Rules of Civil Procedure which states that a motion for new trial is not necessary as a prerequisite to issuance of a writ of error when final judgment is entered in civil cases on certain motions, as therein specified, or after any hearing not involving controverted issues of fact.

II.

■ In declaring C.R.S. 1963, 118-16-1 through 7 unconstitutional, the trial court limited its declaration to that portion of the article which defines subdivision as "[a] group of twenty or more building sites, tracts or lots not intended for commercial or industrial use which are contiguous, or which were formerly part of an undivided tract, development or sales proposal; or, a divided or undivided tract or parcel of land which is sold or which will be sold as twenty or more divided or undivided interests in or to the whole tract or parcel of land." The court in effect stated that this act, by setting the line of demarcation at twenty, was arbitrary, discriminatory, unreasonable and oppressive in that subdivision

developers with twenty or more sites must register or be guilty of a felony whereas owners of less than twenty have no such obligation. The trial court cites as its authority for this conclusion *Mountain States Telephone and Telegraph Company v. Animas Mosquito Control District,* 152 Colo. 73, 380 P.2d 560. This case involved the constitutionality of C.R.S. '53, 89-3-3 which provided for the non-inclusion of single tracts in excess of twenty acres or single tract having an assessed valuation of in excess of $25,000 from the district. The court therein at page 83 stated:

"In the district involved here, created for the purpose of 'the elimination of mosquitoes,' neither the respective acreages owned by the property owners within the district nor the assessed valuations of their respective properties bear any reasonable relation to the benefit sought to be obtained. The attempted classifications, if such they be called, are discriminatory."

This case is clearly distinguishable from the case now before us and the only similarity between the statutes involved is the use of the number twenty as the dividing point. The decision in *Mountain States Telephone and Telegraph Company* declared the non-inclusion amounted to a privilege extended to a class of property owners in the district for which this court could find no justification. This basis for unconstitutionality has no applicability to the provisions of the law we are concerned with in this case. Rather, the classification of subdividers is based upon a need, believed justified by the legislature, to require registration and certain information from large subdividers for the benefit and financial safety of the public who may wish to deal with such a subdivider.

Various states have laws regarding subdivision developers similar to our law. The classifications vary from state to state. As an example, the dividing line is five in Arizona, twenty-five in New Mexico and fifty in Florida. California's law designed to prevent fraud and

misrepresentation requires that before a subdivision of five or more lots is placed on the market for sale to the public, it must be registered and the California Supreme Court in upholding the constitutionality of this law stated in the case of *In Re Sidebotham,* 12 Cal. 2d 434, 85 P.2d 453, *cert. denied,* 307 U.S. 634, 59 S.Ct. 1031, 83 L.Ed. 1516:

"The legislature must necessarily choose some point at which the sale of parcels from a large tract gives rise to the possible evils which require regulation, and we cannot say that the determination of five lots is improper."

The facts in *Sidebotham* are similar to the case before us and involves a defendant who was charged with subdividing and offering for lease and sale certain land without first registering with the commissioner. It was contended that various sections of the California act were unconstitutional in that they placed unreasonable burdens on the exercise of property rights and that the provisions were otherwise vague and uncertain. In upholding the constitutionality of the California act, the court made the following statement:

"The assertion that this is not a valid police power legislation because it benefits only a special class, the purchasers and lessees of subdivided real estate, and not the whole public, is without substance. The police power may be, and usually is, exercised for the purpose of protecting particular classes of the public in need of such protection, and it is rare indeed that a single law includes everyone in the scope of its regulations. The object of the present law, prevention of fraud and sharp practices in a type of real estate transaction peculiarly open to such abuses, is obviously legitimate; and the method, involving investigation and disclosure of certain essential facts, and a protection for the innocent purchaser against loss of his land by foreclosure of the underlying mortgage, is perfectly reasonable."

In *Rifle Potato Growers Cooperative Association v. Smith,* 78 Colo. 171, 240 Pac. 937, the constitutionality

of the Colorado Marketing Act of 1923 was placed in issue. It was maintained the act was unconstitutional because it was class legislation in that it was limited to the marketing of agricultural products and in violation of article 5, section 25 of the Colorado constitution. The court held this act was constitutional and stated in its opinion as follows:

"It is conceded that the legislature may reasonably classify, and it is held that 'a law is not local or special when it is general and uniform in its operation upon all in like situation'. *People v. Earl,* 42 Colo. 238, 264 and 265. There must be some distinguishing peculiarity which makes reasonable the exception of the designated class from the general law. The reason for such exception existing, the classification adopted is a matter to be determined by the legislature."

In *Mosko v. Dunbar,* 135 Colo. 172, 309 P.2d 581, the validity of C.R.S. 1963, 13-20-1 through 3 (Sunday Closing Law) concerning motor vehicle dealers was challenged. The court, in stating that it was elementary that every regularly adopted legislative act was presumed to be constitutional and that upon the attacker is put the burden of showing unconstitutionality beyond a reasonable doubt, upheld the statute in question against the contention that it was class legislation and therefore prohibited by article 5, section 25 of the Colorado constitution. The statute in issue in the *Mosko* case is quite similar in many respects to the statutes under attack by the defendants in this case. The definition of "motor vehicle" excluded farm tractors and other machines and tools used in the production, harvesting and care of farm products. The statute was challenged as void because it did not require closing on Sunday of all persons engaged in the business of selling motor vehicles and all merchants engaged in other businesses. In upholding its constitutionality the court said it was well established by an unbroken line of decisions in Colorado as well as in the Federal courts

502

that it is within the exclusive province of the legislature to determine the necessity, expediency, wisdom, fairness, and justice of the law enacted.

To hold that the "Registration of Subdivision Developers" act is unconstitutional in that it requires subdivision developers with twenty or more sites to register whereas such requirement does not apply to subdivision developers with less than twenty sites would require this court to invade the prerogative of the legislature which has determined there is a valid reason for requiring registration of the developers in question. The legislature's wisdom in enacting the statute in question is not to be appraised by this court, if it is clear there exists a reasonable and valid need for it. It is obvious it was enacted to safeguard the interest of the public by requiring certain subdivision developers to register subdivisions and to furnish certain information as reasonable safeguards for the public in connection with the leasing, selling, and promoting of sites by any developer within the classification described. It is common knowledge that certain unscrupulous land promoters have by fraud, misrepresentation, and deception caused substantial financial loss to many. By adopting the "Registration of Subdivision Developers" act, the purpose of the legislature is plain; i.e., the elimination of such fraudulent promotions. This in our view is a proper exercise of the police power, which may be exercised not only to protect the health, safety, and morals of the public, but also to safeguard the public from financial loss caused by the fraud of others.

In *Zeigler v. People*, 109 Colo. 252, 124 P.2d 593 the constitutionality of the Produce Dealers Act of 1937 was involved. Among other things, it required the licensing of those engaged in the business of buying farm produce from owners for resale. This provision was attacked as violating due process of law as guaranteed by the Constitution of the United States and the Constitution of the State of Colorado. The court rejected this attack

and citing from *Holsman v. Thomas,* 112 Ohio St. 397, 147 N.E. 750 stated as follows, to-wit:

"[T]he police power relates not merely to the public health and to public safety, but also to public financial safety. Laws may be passed within the police power to protect the public from financial loss."

The other arguments by the defendants in their brief in support of the trial court's order and judgment are without merit; nor has it been revealed on the basis of the record before us how the defendants are shown to be adversely affected by the provisions of the law in question, except in the particulars heretofore examined.

We therefore hold that the trial court erred in its "order and judgment" declaring C.R.S. 1963, 118-16-1 through 7 unconstitutional.

Judgment reversed.