Mr. Glenn W. Adams Manager State Compensation Insurance Fund 1313 Sherman Street Denver, Colorado 80203
Dear Mr. Adams:
This is in response to your letter dated June 25, 1979, in which you requested my opinion as to the constitutionality and application of Senate bill No. 265, amending the Workmen's Compensation Act, which was passed by the general assembly in its 1979 session. Specifically, you asked whether Senate bill No. 265 is special legislation prohibited by the constitution.
QUESTIONS PRESENTED AND CONCLUSIONS
Your request for an attorney general's opinion presents the following questions:
1. Is Senate bill No. 265 special legislation prohibited by the Colorado Constitution?
 My conclusion is "no." It is my opinion that the amendments promulgated by Senate bill 265 are permissible under the constitution since article V, section 25 prohibits the general assembly from passing any local or special laws only in the areas it specifies. It is further my view that this amendment does not violate the guaranty of equal protection of law.
2. Is a noninsured contractor subject to a 50 percent penalty, jail, and a fine?
My conclusion is "yes."
3. In what kind of legal action does the legislature contemplate that a land owner could incur liability?
 My conclusion is that although the legislature attempted to insulate landowners from liability, it recognized that some theory might prevail, and it merely wished to provide for that possibility.
ANALYSIS
C.R.S. 1973, 8-48-101(1), as amended, states that:
 Any person, company, or corporation operating or engaged in or conducting any business by leasing or contracting out any part or all of the work thereof to any lessee, sublessee, contractor, or subcontractor, irrespective of the number of employees engaged in such work, shall be construed to be an employer as defined in articles 40 to 54 of this title and shall be liable as provided in said articles to pay compensation for injury or death resulting therefrom to said lessees, sublessees, contractors, and subcontractors and their employees or employees' dependents.
The language contained in Senate bill No. 265 creates an exception to the statute quoted above in that C.R.S. 1973,8-48-101(3)(c) now provides that:
 Notwithstanding any provision of this section to the contrary, no person, company, or corporation contracting with a landowner or lessee of a farm or ranching operation to perform a specified farming or ranching operation nor any employee of such person, company, or corporation required to be covered by workmen's compensation pursuant to this subsection (3) shall have any right of contribution from, or any action of any kind, including actions under section 8-52-108, against, the person, company, or corporation contracting to have such agricultural labor performed.
It is my opinion that the amendments promulgated by Senate bill No. 265 are permissible under the constitution of Colorado. Article V, section 25, Colorado Constitution, prohibits the general assembly from passing any local or special laws in any of the areas it specifies. In several cases interpreting the constitutional provision which prohibits special legislation, the Colorado Supreme Court has stated that the general assembly may exclude designated classes from the operation of general laws, if that classification is reasonable. See People v.Maxwell, 162 Colo. 495, 427 P.2d 310 (1967); Vogts v.Guerrette, 142 Colo. 527, 351 P.2d 851 (1960); Brown v.City of Denver, 7 Colo. 305, 3 P. 455 (1884).
Your question may also be analyzed from an equal protection point of view. Again, the analysis would support my opinion that the provisions of Senate bill No. 265 are constitutional. In the case of Johnson v. Division of Employment,191 Colo. 38, 550 P.2d 334 (1976), the Colorado Supreme Court, quoting from a United States Supreme Court decision, stated the following:
 In the area of economics and social welfare, a State does not violate the Equal Protection Clause merely because the classification made by its laws are imperfect. If the classification has some `reasonable basis,' it does not offend the Constitution simply because the classification `is not made with mathematical nicety or because in practice it results in some inequality.
550 P.2d at 336-337. See also Harding v. IndustrialCommission, 183 Colo. 52, 515 P.2d 95 (1973). In the case of Sweeney v. Summers, 194 Colo. 149, 571 P.2d 1067
(1977), the Colorado Supreme Court elaborated on the constitutionality of special classifications. In that case, which dealt with a challenge to classifications made by the probate code, the court stated:
 Where, as here, neither a suspect classification nor the infringement of fundamental rights is involved, an alleged statutory discrimination will not be invalidated if any state of facts reasonably may be conceived to justify it.
571 P.2d at 1070. This echoes the decision in the case ofMcCarty v. Goldstein, 151 Colo. 154, 376 P.2d 691
(1962), in which a challenge was made to the statute of limitations which was applicable to dentists but not all professions. In upholding the statute, the court held that neither the federal equal protection clause, nor article V, section 25, of the Colorado Constitution was violated. In doing so, the court reiterated the following from ChamplinRefining Company v. Cruse, Director of Revenue, 115 Colo. 329,172 P.2d 123 (1946):
 Equal protection in its guaranty of like treatment to all similarly situated permits classification which is reasonable and not arbitrary and which is based upon substantial differences having a reasonable relation to the objects or persons dealt with and to the public purpose sought to be achieved by the legislation involved.
376 P.2d at 693. See also Lancaster v. C. F. I. SteelCorp., 190 Colo. 463, 548 P.2d 914 (1976); O'Quinn v.Walt Disney Productions, 177 Colo. 190, 493 P.2d 344 (1972). It is, therefore, my opinion that S.B. 265 is not impermissible special legislation nor is it violative of the equal protection clauses of the federal and state constitutions.
You also asked whether a noninsured contractor is subject to a 50 percent penalty, jail, and a fine. The group of employers at which the provisions of Senate bill No. 265 is directed, have, in the opinion of the legislature, refused to adhere to the provisions of the Workmen's Compensation Act of Colorado with a frequency that has alarmed the legislature. Therefore, in enacting Senate bill No. 265, the legislature has attempted to encourage compliance with the provisions of the Act by increasing the penalties that may result from noncompliance. Those penalties include a 50 percent penalty, jail, and a fine; any, or all, of which may be assessed. As such there is no violation of the equal protection clause of the constitution.
Your letter also asks what kind of action is contemplated by the legislature in Senate bill No. 265, section 1, C.R.S. 1973,8-48-101(3)(d)(1), whereby the landowner could incur liability. It appears that the legislature attempted to insulate the landowner from liability. However, if by some theory the landowner can be held liable, then the landowner will have a right of action against the contractor.
SUMMARY
To briefly summarize my opinion, the amendments to C.R.S. 1973,8-48-101, which protects landowners from liability under the Workmen's Compensation Act for injuries sustained by employees of contractors working for the landowners, do not violate constitutional prohibitions against special legislation or constitutional guaranties of equal protection of law. Also, noninsured contractors are subject to a 50% penalty, jail, or a fine.
Very truly yours,
 J.D. MacFARLANE Attorney General
WORKMEN'S COMPENSATION EQUAL PROTECTION LEGISLATURE
S.B. 265 (1979 Sess.)
C.R.S. 1973, 8-48-101
C.R.S. 1973, 8-44-107
Colo. Const. art. V, § 25
LABOR EMPLOYMENT DEPT. State Comp. Insurance Fund Labor, Div. of
A statutory amendment protecting landowners from liability under the Workmen's Compensation Act for injuries sustained by employees of contractors working for the landowner, does not violate constitutional prohibitions against special legislation or constitutional guaranties of equal protection of law.