433 P.2d 282

Alfred KAUFMAN, Nancy Inglehart, Walter Swartz, Honon Thomas and Marvin Hyman, individually and as a class, Appellants,

v.

CITY OF TUCSON, a municipal corporation, Appellee.

No. 2 CA–CIV 357.

Court of Appeals of Arizona.

Nov. 9, 1967.

Rehearing Denied Dec. 18, 1967.

Soble & Meehan, by Joseph H. Soble, Tucson, for appellants.

Gordon S. Kipps, City Atty., by Dwight E. Eller, Asst. City Atty., Tucson, for appellee.

KRUCKER, Judge.

On September 19, 1966 the City Council of Tucson passed City Ordinance No. 2919 raising the existing liquor license tax. Plaintiffs as individuals and members of the class of Liquor Dealers brought suit to enjoin imposition of the increased tax, claiming that the increase was a denial of due process and equal protection rights protected by the 14th Amendment to the U. S. Constitution. At the hearing on the order to show cause why the injunction should not issue, defendant City moved to dismiss the complaint, which motion was granted after the hearing and submission of affidavits. Summary judgment was entered for defendant City and plaintiffs bring this appeal. We have held that evidence introduced at such a hearing is properly considered on a motion for summary judgment. Pace v. Hanson, 6 Ariz.App. 88, 430 P.2d 434 (1967).

There had been no changes in the amounts of various occupational taxes on liquor retailers between January, 1946 and September, 1966. The changes enacted in Ordinance No. 2919 as to retail liquor dealers, computed on an annual basis, are as follows:

| Type of license | Old Fee [1] | New Fee | % Increase |
|---|---|---|---|
| Hotel-Motel license for sale of all spirituous liquors* | $600 | $1200 | 100% |
| Hotel-Motel beer and wine* | 200 | 400 | 100% |
| Hotel-Motel beer* | 200 | 300 | 50% |
| Retail of all spirituous liquors* | 600 | 900 | 50% |
| Retail of beer and wine* | 200 | 300 | 50% |
| Retail of beer* | 200 | 300 | 50% |
| Retail of all spirituous liquors** | 300 | 300 | –0– |
| Retail of beer and wine** | 100 | 300 | 200% |
| Retail beer** | 100 | 200 | 100% |
| Club license for all spirituous liquors*** | 200 | 200 | –0– |
| Hotel-Motel for all spirituous liquors*** | 800 | 1200 | 50% |
| Restaurant retailers license for all spirituous liquors*** | 600 | 1200 | 100% |
| Distiller's license | 600 | 600 | –0– |
| Brewer's license | 600 | 600 | –0– |
| Winery license | 300 | 300 | –0– |

  *By package or drink
  **By package only
  ***By drink only

———◆———

The first questions for review presented by appellants are whether or not the City had the power to impose the liquor license fees and, if so, did it have the power to raise them. We answer both of these questions in the affirmative.

1. From Tucson City Code § 19–28(7).

Arizona Constitution, art. 9, § 6, A.R.S., provides in part:

"* * * For all corporate purposes, all municipal corporations may be vested with authority to assess and collect taxes."

A.R.S. § 4–223, subsec. A provides:

"In addition to the taxes provided for in this chapter, incorporated cities and towns shall have the power to tax the manufacture, sale, possession, distribution, and disposal of spirituous liquors within their corporate limits * * *."

The power to impose tax must be conferred upon the city by some legislation to warrant imposition thereof by the city. City of Glendale v. Betty, 45 Ariz. 327, 334, 43 P.2d 206 (1935). A city charter enacted by voters is as much law as if enacted by the legislature. Schultz v. City of Phoenix, 18 Ariz. 35, 156 P. 75 (1916). The Tucson City Charter, Ch. IV, § 1 (18) specifically authorizes the imposition of a specific occupational tax on liquor dealers. See also, McCarthy v. City of Tucson, 26 Ariz. 311, 316, 225 P. 329 (1924); and Mayor and Common Council of City of Prescott v. Randall, 67 Ariz. 369, 196 P.2d 477 (1948). The tax is valid as a revenue measure and is not limited by a charter provision using the phrase "license" tax. 9 McQuillin on Municipal Corporations § 26.19 at 40 (3d Ed. Rev.):

"Any distinction between a license tax for revenue and an occupation tax for revenue would seem to be one in name only. * * *"

Local constitutional provisions specifically requiring that taxation shall be equal and uniform throughout the state generally have no application to license fees or taxes and apply only to direct taxation on property as such. Ariz.Const. art. 9, § 1. Home Accident Insurance Co. v. Industrial Commission, 34 Ariz. 201, 269 P. 501 (1928).

The next contention raised by appellants is that they were denied their constitutional rights to equal protection and

due process. We find no merit in this contention.

The plaintiff cites no cases to support his contention that the tax is arbitrary and discriminatory because it singles out one particular class of business or segment of the economy for the tax burden, nor do we find any cases so holding. On the contrary, the rule as cited in McQuillin is as follows:

"Classifications embodied in municipal licensing legislation must be based upon intrinsic, natural and reasonable distinctions germane to the police or revenue purpose of the law. The difference between the subjects need not be great; and if any reasonable distinction can be found to exist, the classification imposed by the licensing laws will be sustained. The classifications may reasonably distinguish between business or trades or between different methods of conducting the same general character of business or trade * * * It is inherent in the exercise of power to license or tax that a state or municipality, duly authorized by the state, be free to select the subject of taxation and to grant exemptions. *Neither due process nor equal protection imposes upon a state any rigid rule of equality of taxation.* The Supreme Court has repeatedly held that the inequality which results from the singling out of one particular class for taxation or exemption infringes no constitutional limitation. (Independent Warehouses v. Scheele, 331 U.S. 70, 91 L.Ed. 1346, 67 S.Ct. 1062 (1946)). * * * If no abuse appears, and especially in doubtful cases, courts will not interfere with a licensing classification." 9 McQuillin on Municipal Corporations § 26.60 at 142 (3d Ed. Rev.). (Emphasis supplied)

The philosophy of the law is that those who engage in the liquor industry shall bear a substantial additional recurring burden which they may or may not pass along to the customer as a cost of doing business. The plaintiffs ask this court to ignore this philosophy, which we decline to do, for in so doing we would limit the authority

granted to the municipality in A.R.S. § 4–223, subsec. A by requiring equality with other businesses.

"There is no natural or inherent right to manufacture, sell, transport, or in any manner use, possess, or deal in intoxicants, in any such sense as to remove the liquor traffic from the legitimate sphere of legislative control. (Stanton v. Superior Court, 55 Ariz. 514, 103 P.2d 952 (1940)). The sale of intoxicating liquors is in a class by itself, since it is effected with the public interest; (Mendelsohn v. Superior Court, 76 Ariz. 163, 261 P.2d 983 (1953)), and it has been held that it is not a lawful business except as authorized by express legislation of the state." 48 C.J.S. Intoxicating Liquors § 20, p. 154.

■ Appellants' final contention is that the tax is invalid because the increase in rate of taxation is not reasonable. While we disagree with this because we feel the evidence at the hearing showed that the tax was reasonable and in line with previous increases; we do not decide this question on those grounds. Reasonableness is not the test of the validity of a tax. Once it has been found to have been legally imposed, the test becomes whether or not the tax is prohibitory. While, if the purpose is to raise revenue, the tax cannot be prohibitory, (this power to prohibit is reserved to the state by A.R.S. § 4–223, subsec. B) the test is whether the rates will annihilate the whole business, not just any given firm. State v. Dannenberg, 151 N.C. 718, 66 S.E. 301, 26 L.R.A.,N.S., 890 (1909).

■ The plaintiffs introduced affidavits of certain liquor dealers each of whom stated essentially the same thing, to the effect that the payment of such license fee as imposed by Ord. No. 2919 is working a hardship upon him so as to make the operation of his retail liquor business virtually prohibitive. We cannot accept the proposition that the mere addition of at most $150 per quarter will drive the local retail liquor industry out of business. Facts showing specifically a relationship of cause and effect between the increased rates of tax and annihilation of the general retail liquor industry should have appeared in plaintiffs' affidavits. We do not accept the contention that the increased tax is driving these liquor dealers out of business because the increased tax had not been imposed prior to the hearing when these affidavits were introduced.

■ When presented with a motion for summary judgment, the trial court has the duty to examine the record and determine whether there is any disputed material fact issue in the case. The court does not try issues of fact but only whether the same are genuine and in good faith disputed. The mere general statement in a pleading, when attacked by such motion supported by proof of specific facts in the form of affidavit or deposition, places on the author of the statement the obligation to present something which will show that when the date of trial arrives, he will have some proof to support the allegations in the pleading. He cannot withhold this showing until the time of trial. He has not the right to say that he has made a negative or contradictory allegation and has therefore created a genuine issue and might have evidence to support it. Stevens v. Anderson, 75 Ariz. 331, 256 P.2d 712 (1953).

■ We find that there is no issue of material fact in plaintiffs' contention and accordingly dismissal of plaintiffs' complaint and entry of summary judgment for defendant by the trial court below will be affirmed.

Judgment affirmed.

HATHAWAY, C. J., and MOLLOY, J., concur.