436 P.2d 940

Wendell T. DECKER and Oleta Decker, husband and wife, and Claude C. Simmonds and Myrtle E. Simmonds, husband and wife, Appellants,

v.

Anna M. HENDRICKS et al., Appellees.

No. 2 CA–CIV 391.

Court of Appeals of Arizona.

Feb. 6, 1968.

Rehearing Denied March 6, 1968.

Review Denied April 16, 1968.

Opinion Modified April 29, 1968.

See 7 Ariz.App. 429, 440 P.2d 113.

than 200 ft. to Speedway. In upholding the mandatory injunction ordering appellants to remove the building, the Supreme Court, *inter alia,* reiterated the rule that:

> "Equity will enforce the terms of restrictive covenants unless the changes in the surrounding areas are so fundamental or radical as to defeat or frustrate the original purposes of the restrictions. * * *" (97 Ariz. at 41, 396 P.2d at 612)

citing Continental Oil Co. v. Fennemore, 38 Ariz. 277, 299 P. 132 (1931). The court went on to say:

> "As the case now stands we order that the judgment be affirmed, but in view of changing conditions this judgment should not be deemed to be *res judicata* as to a state of facts which may have occurred since the trial or might arise in the future."

Relying on this, appellants brought this action for a declaratory judgment. Trial court below granted summary judgment for the defendants, and appellants bring this appeal, claiming that there were questions of fact before the trial court and that summary judgment was improperly granted.

The rule applicable in this case is two-pronged. In order to gain the declaratory relief sought the appellant must show, first, that the changes were radical and fundamental; and, second, that the changes frustrated the purpose of the restrictions. Decker v. Hendricks, supra. Stated in another way, the test is whether or not the conditions have changed so much that it is impossible to secure in a substantial degree the benefits intended to be secured by the covenants. Restatement of Property § 564 (1944).

In their opposition to the motion for summary judgment, and in their appellate brief, the appellants go to great length to show the court the extent of the radical

Lesher, Scruggs, Rucker, Kimble & Lindamood, by D. Thompson Slutes, Tucson, for appellants.

Goddard, Gin, Hanshaw & Gianas, by Harry Gin, Tucson, for appellees.

KRUCKER, Judge.

The appellants are owners of certain property in the Wilmot Desert Estates, a subdivision in the City of Tucson. The lots owned by the appellants front onto Speedway Blvd., and they brought this action seeking a declaratory judgment, modifying or rescinding certain restrictive covenants in their deeds. The appellees are owners of other residences in the subdivision. The same parties were before the court in 1959, when appellees sought and obtained a mandatory injunction directing appellants to tear down a warehouse which they had constructed in violation of the restrictive covenant. This injunction was upheld by the Arizona Supreme Court in Decker v. Hendricks, 97 Ariz. 36, 396 P.2d 609 (1964). The restriction complained of by the appellants requires that:

> "All said property shall be used for residential property only except that portion fronting on Speedway with a depth of 200 ft., which may be used for neighborhood retail business purposes."[1]

The appellants built their warehouse building to a depth of 300 ft. from Speedway. No part of the warehouse was closer

---

[1]. There is no dispute but that this is a valid covenant, as written, binding on all grantees and their assigns. Cf. R &

R Realty Co. v. Weinstein, 4 Ariz.App. 517, 422 P.2d 148 (1966).

and fundamental changes on Speedway. This fact must be taken as true on appeal from the granting of summary judgment. Gibraltar Escrow Co. v. Thomas J. Grosso Investment, Inc., 4 Ariz.App.. 490, 421 P.2d 923 (1966). It is even admitted by the appellee. But, since the changed conditions have occurred outside the restricted district, we must look to the effect that the changes have upon the entire district to determine if the purposes have been frustrated. 20 Am. Jur.2d 850, Covenants Conditions, etc. § 284. We cannot consider the affected lot separate and apart from its relation to the entire restricted subdivision. Continental Oil Co. v. Fennemore, supra.

We find no showing that such changes have frustrated the purpose of the restrictive covenant. As a matter of fact, appellant Simmonds in his deposition admits that the purpose of the restriction hasn't been rendered worthless or obsolete by the development of Speedway Blvd. Evidence to this effect would have to be shown to create an issue of fact which would require the trial court to deny the motion for summary judgment. Without it there is no issue of fact. Appellants claim that frustration of purpose is an issue of fact which they would prove at trial. Rule 56(e), Ariz. Rules Civ. Proc., 16 A.R.S., requires that appellants come forward with facts to controvert the facts alleged by the party moving for summary judgment. Kaufman v. City of Tucson, 6 Ariz.App. 429, 433 P.2d 282 (1967). A search of appellants' memorandum in opposition to the motion for summary judgment discloses no such facts. The appellees' contention that Wilmot Desert Estates is a quiet residential subdivision with no through streets goes uncontroverted by the allegations of the appellants. Thus, they fail to meet the second requirement of the test.

We hold that appellants are not entitled to a declaratory judgment declaring the restrictions void as to their lots, because the facts they do allege do not raise any doubt as to the resident owners' still being able to obtain, to a substantial degree, the benefits

intended by the restrictions. Accordingly, the summary judgment of the lower court will be affirmed.

HATHAWAY, C. J., and MOLLOY, J., concur.