484 P.2d 23

**Marvin DAVIS, by his next best friend, Kennedy Davis, and Kennedy Davis, individually, Appellants,**

v.

**VUMORE CABLE COMPANY, Appellee.**

**No. 1 CA–CIV 1476.**

Court of Appeals of Arizona, Division 1.

April 28, 1971.

Rehearing Denied May 24, 1971.

Review Denied July 7, 1971.

Russo, Cox & Dickerson, P. C., by Vern Dickerson, Tucson, for appellants.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, by Ralph Hunsaker, Phoenix, for appellee.

HATHAWAY, Judge.

This appeal challenges the propriety of granting summary judgment in favor of appellee, defendant in a lawsuit instituted by appellants-plaintiffs, to recover for personal injuries sustained by Marvin Davis. in an automobile accident. Plaintiffs contend that factual issues were presented with respect to whether Vumore's employee was acting within the scope of his employment at the time of the accident in question and whether Vumore was negligent in entrusting a motor vehicle to its employee.

The amended complaint alleged that on or about July 14, 1968, Marvin Davis was a passenger in a vehicle which was involved in an accident with a vehicle being driven by one Donald Sigur, an employee of Vumor acting within the scope of his employment, and that Sigur's negligence caused the accident. Vumore's answer to the complaint denied that Sigur was acting within the course and scope of his employment at the time of the accident.

Discovery procedures ensued and Vumore, based upon the depositions on file, moved for summary judgment in its favor. Appended to the plaintiffs' opposition thereto, was an affidavit of counsel to the effect that an attached highway patrol report, indicating that Sigur did not have a valid driver's license on the day of the accident in question, was a true and accurate copy of a report required by the Arizona. Highway Patrol. The trial court, in its order granting summary judgment, expressed its reluctance to do so but concluded that it had no alternative after consideration of depositions and affidavits.

It is undisputed that the accident occurred at about 9:15 p. m. on a Sunday night on State Route 173, approximately 2.8 miles south of Showlow, Arizona. The vehicle driven by Sigur which was involved in the accident belonged to Vumore, Sigur's employer. At the time of the accident, Vumore had a crew of several men working in Showlow installing television cable. The deposition of Mr. Bill Crook, a lineman, contained the following. He had been in Vumore's employ since September, 1963, and was in charge of the crew at the time of the accident since the crew foreman was out of town. Sigur had been in Vumore's employ for approximately 2 months. He

testified that the normal working time was 10 hours a day, six days a week, and that the men were off on Sundays. Three vehicles, including the one involved in the accident, were provided by Vumore for the construction work.

Mr. Crook and three other crew members were staying at the Kiva Motel while Sigur was staying at the Basket House Motel. On Sundays, the trucks would be kept at the Kiva Motel and could be used by the crew "just to eat." They were never used for any other purpose since the crew had been instructed not to use them on Sunday except to go to and from an eating place.

On the Sunday in question, Mr. Crook walked over to the Basket House Motel at about 2 p. m. to see Sigur. They went next door to a bar, and spent about an hour or an hour and a half consuming three beers apiece. They then walked back to the Kiva Motel, picked up a truck and drove it to the Branding Iron Restaurant to have a meal. About an hour later, after finishing their meal, they drove back to the Kiva Motel where Mr. Crook got out of the truck and told Sigur to take the truck back to his motel. He explicitly instructed him to take it home and park it, not to drive it, and to bring it back to the warehouse where he would report to work at 7:00 the following morning. Mr. Crook testified that he had never been given authority by any superior to give anyone else permission to use the Vumore trucks for a personal reason and that they had never been used by a crew member on Sunday except to go to and from an eating place. No exceptions had ever been made as to the use of the vehicles. The only reason Mr. Crook permitted Sigur to take the truck back to his motel was that the parking space at the Kiva Motel was limited and "if he didn't take it, we would have to go pick him up and then double right back to go to work." Sigur had never been permitted to take the truck at any time other than working time. Mr. Crook also stated that none of the men ever worked on a Sunday evening at 9:15 p. m. and had never gone out at night to inspect a job.

Mr. Schroder, Vumore's manager in the Showlow area, corroborated in his deposition that Mr. Crook was in charge on July 14, 1968, and that the construction crew was allowed to use the company vehicles solely for the job and to go get their meals. Mr. Woods, another member of the construction crew, testified on deposition that Crook was in charge when the accident happened. He too verified the fact that the company vehicles were to be used on the job or to go to eat. Appellants argue that the record "is devoid of any affirmative showing by appellee that their employee was not acting within the scope of his employment at the time of the accident, and it was not appellant's burden to come forward with his entire case at this stage of the proceeding to show that appellee's employee was acting within the scope of his employment" since because of the fact that Vumore owned the vehicle in question and Sigur was its employee at the time of the accident, a presumption arose that Sigur was acting within the scope of his employment at the time of the accident. In support of their position, they cite the cases of Flores v. Tucson Gas, Electric Light & Power Co., 54 Ariz. 460, 97 P.2d 206 (1939); Otero v. Soto, 34 Ariz. 87, 267 P. 947 (1928); Baker v. Maseeh, 20 Ariz. 201, 179 P. 53 (1919). Appellants, however, overlook the principle reiterated in these cases that when direct and positive evidence is presented which contradicts this presumption, it disappears entirely, and if no other evidence is offered on behalf of a plaintiff, there is no factual issue to be resolved by the trier of fact.

Here, the undisputed evidence on behalf of Vumore was that Sigur was authorized to drive the vehicle back to the Basket House Motel, a distance of approximately ¾ of a mile from the Kiva Motel, and to drive it to the warehouse the following morning. The physical facts of the accident clearly show that by no stretch of the imagination could it have occurred during either of these periods of authorized use, but rather occurred while Sigur was on a frolic of his own. Under these cir-

**414**

cumstances, where the evidence as to an employee's scope of authority is undisputed, and only one inference can be drawn therefrom, it is appropriate for the court to decide as a matter of law the issue of scope of employment with respect to application of the doctrine of respondeat superior. Meyer v. Blackman, 59 Cal.2d 668, 31 Cal. Rptr. 36, 381 P.2d 916 (1963); Lucas v. Liggett and Myers Tobacco Company, 50 Haw. 477, 442 P.2d 460 (1968), appeal after remand, 51 Haw. 346, 461 P.2d 140 (1969).

 Since the evidence presented by Vumore supports its motion for summary judgment, the burden was then cast upon appellants to demonstrate their claim that Sigur was acting within the scope of his employment at the time of the accident was backed by admissible evidence, failing which summary judgment was appropriate. Eubanks v. Hughes Engineering Co., 369 S.W.2d 49 (Tex.Civ.App.1963). It is well settled in this jurisdiction that when a party moving for summary judgment has made the requisite showing that no genuine factual issues exist for trial, the opponent of the motion has the burden to produce sufficient evidence to show that there is an issue, and he must make a showing that he could produce admissible evidence which would reasonably tend to dispute or contradict the movant's evidence and thus demonstrate to the court that a triable issue of fact existed. Dobson v. Grand International Brotherhood of Locomotive Engineers, 101 Ariz. 501, 421 P.2d 520 (1966); Luplow v. Pasqualetti Properties, Inc., 101 Ariz. 90, 416 P.2d 414 (1966). When Vumore, by motion for summary judgment attacked the appellants' statement in their pleading that Sigur was acting in the scope of his employment, and supported the motion by proof of specific facts in the form of deposition showing otherwise, appellants cannot sit back and rest on the allegations of their pleading. Kaufman v. City of Tucson, 6 Ariz.App. 429, 433 P.2d 282 (1967). Their failure to make the requisite countershowing of the existence of a genuine factual issue was fatal.

Appellants also argue that summary judgment was precluded because there existed a genuine issue of fact as to whether Vumore was negligent in allowing its employee to drive a vehicle in view of the fact that he was an unlicensed driver, had been drinking intoxicating beverages prior to the accident, that he had never driven any of the trucks prior to the time of the accident, and that he had lost control of the truck at the time of the accident. The trial court determined, and we believe correctly so, that there was no basis for the appellants' "negligent entrustment" theory since Sigur's use of the vehicle at the time of the accident was unauthorized.

Finding no error in the trial court's summary disposition of this case, the judgment is affirmed.

KRUCKER, C. J., and HOWARD, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.