No. 26192

Roger W. Springston, d/b/a The Golden Ram, Floyd Baker and Regina Baker, d/b/a Bake's Restaurant, Everett Dale Meyer and Melva Jean Meyer, d/b/a Sportsman Club, and The Top, Inc., a Colorado corporation, d/b/a Skyroom Restaurant v. The City of Fort Collins, The City Council of the City of Fort Collins, Colorado, Karl E. Carson, J. W. N. Fead, William Lopez, Charles Peterson, Mable Preble, as members thereof

(518 P.2d 939)

Decided February 11, 1974.

Harden and Napheys, P.C., Ralph Harden, Charles S. Bloom, for plaintiffs-appellants.

March, March & Sullivan, Arthur E. March, Jr., for defendants-appellees.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Appellants are holders of hotel and restaurant liquor licenses in the City of Fort Collins and as such had paid annual occupational taxes of $1,500 to the City. They brought this declaratory judgment action to have the ordinance which levied the occupational taxes declared illegal and void and to seek recovery from the City of the occupational taxes paid pursuant to the ordinance. The

district court upheld the validity of the taxing ordinance and denied return of the taxes paid by the appellants. We affirm the judgment.

Prior to 1969, the City of Fort Collins had prohibited the sale of intoxicating liquor within the city limits under the local option provisions of the state law. It was permissible, however, to sell 3.2 beer within the city limits and the City had enacted Ordinance No. 17, 1968, which imposed an occupational tax on the business of selling at retail fermented malt beverages.

When the sale of intoxicating liquors was legalized within the City, the City Council caused studies to be made to evaluate the municipal costs related to the operation of liquor stores, restaurants, both with and without liquor sales, and beer outlets, both for consumption on and off the premises, for the purpose of providing the City Council a basis for evaluating existing and future occupational taxes. The studies showed that the total annual cost to the City of a liquor licensed hotel and restaurant was $1,530; and that the total City costs related to a class "B" 3.2 beer outlet was $331 and a class "C" 3.2 beer outlet (tavern) was $2,166.

Thereafter, Ordinance No. 25, 1969, was enacted, which provided in pertinent part as follows:

"Section 5. The City Council hereby finds, determines and declares that considering the nature of the business of manufacturing or selling malt, vinous, or spirituous liquors and the relation of such business to the municipal welfare as well as the relation thereof to the expenditures required of the City and a proper, just and equitable distribution of the tax burdens within the City and all other matters properly to be considered in relation thereto that the classification of such business as a separate occupation is reasonable, proper, uniform and non-discriminating and necessary for a just and proper distribution of tax burdens within the City.

"There is hereby levied and assessed for each year an annual occupational license tax upon the business of manufacturing or selling malt, vinous, or spirituous liquors in the city as such occupations are classified in Section 75-2-16 and Section 75-2-3(4b) C.R.S. 1963, as amended, as follows:

"(a) Retail liquor store license, the sum of $500.00.

"(b) Liquor license drug store, the sum of $500.00.

"(c) Beer and wine license, the sum of $400.00.

"(d) Hotel and restaurant liquor license, the sum of $1500.00.

"(e) Extended hours hotel and restaurant license, the sum of $150.00.

"(f) Club license, the sum of $500.00."

Ordinance No. 17, 1968, was amended in 1971 to increase the occupational tax on 3.2 beer licensees to $400. It is the disparity between the amounts of the hotel and restaurant liquor occupational tax and the 3.2 beer occupational tax which underlies the complaint of appellants.

The trial court entered detailed findings of fact and conclusions of law which we find to be amply supported by the record. The critical findings decisive of appellants' arguments both here and in the trial court were as follows:

■■ As to the contention that the tax was confiscatory, the court found no evidence to support this assertion. Further, the court observed that licenses in addition to those of appellants had been issued, and all businesses so licensed were in operation.

■ Concerning appellants' argument that there was no rational basis for the classification of the business of selling intoxicating liquor under a hotel and restaurant license as separate and distinct from that of selling 3.2 beer, and, therefore, the ordinance was invalid under the Fourteenth Amendment to the United States Constitution, the court found that the occupational tax was based upon classifications contained in the state liquor code of 1935. The court further found that there were differences in the operations of the businesses licensed which justified the various classifications set forth in the ordinances. The court found such classifications to be reasonable in view of the differences in the business operations.

■ Contrary to appellants' argument that the tax was discriminatory, the court found that all licensees holding the same type of license were taxed the same amount each year.

■ Appellants contended that the occupational tax was

invalid inasmuch as it was in reality a regulatory measure imposed under the police power which is reserved exclusively to the state of Colorado. The court concluded, however, that the ordinance, as it recites, was in fact a revenue raising measure imposed under the taxing power of the City and was not a regulatory measure. As such, the tax imposed need not be related to the cost of regulating the occupation taxed, as contended by appellants.

The above findings and conclusions are supported by the evidence and the law as previously announced by this Court in *Post v. Grand Junction,* 118 Colo. 434, 195 P.2d 958. We observe that Ordinance 25, 1969, was patterned after the Grand Junction ordinance which imposed an occupational tax upon all persons engaged in the sale of malt, vinous and spirituous liquors.

In *Post v. Grand Junction, supra,* the Court held that it was within the municipal authority to impose occupational excise taxes purely for revenue purposes. Further, as against a similar attack as here made — that the ordinance was a regulatory measure enacted under the police power, in conflict with the exclusive power of the state to regulate the liquor industry — the Court held to the contrary, noting that the ordinance was carefully drawn in recognition of the distinction between a taxing ordinance and a regulatory measure. That holding is pertinent to the ordinance in this case in view of the similarity of language used. Further, the enforcement provisions of the ordinance confirm the conclusion that the ordinance is a taxing ordinance and not a regulatory measure. As in the Grand Junction ordinance, the enforcement provisions preclude the City from considering any delinquency in the payment of the tax as ground for suspension or revocation of the license. Methods for collecting do not interfere with the operation of the license, nor does a violation of the ordinance work a forfeiture of the license.

Appellants quarrel with the amount of the tax imposed on them of $1,500 as compared with the lesser amount of $400 imposed on the holders of 3.2 beer licenses,

complaining that an unfair tax burden is cast upon them. There is no requirement that occupational taxes be levied and assessed in accordance with municipal costs, so long as they are not confiscatory or prohibitory. *Fox Bakersfield Theatre Corp. v. City of Bakersfield,* 36 Cal. 2d 136, 222 P.2d 879. The amount of an excise tax is a matter for legislative determination, as is the subject of the excise. 71 Am. Jur. 2d *State and Local Taxation* § 163. As previously noted, the trial court found there was no evidence of confiscation in this case.

■ We hold that the tax imposed by Ordinance No. 25, 1969, is a valid occupational tax enacted pursuant to the lawful municipal authority of the City of Fort Collins.

The judgment is affirmed.