## No. 25902

**Tom's Tavern, Inc., a Colorado corporation v. The City of Boulder, a municipal corporation, and Stephen P. Dickson (James Murray) as Director of Finance and Record of the City of Boulder**

(526 P.2d 1328)

Decided October 7, 1974.

Blewitt, Bisbee, Geil & Kezer, John H. Bisbee, for plaintiff-appellant.

Walter L. Wagenhals, City Attorney, Ronald B. Porter, Deputy, for defendants-appellees.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

This is an appeal from a summary judgment in favor of defendants. An action for a declaratory judgment and injunctive relief was brought by Tom's Tavern, Inc., holder of a hotel-restaurant liquor license. This challenged § 3-4 of the Revised Code of the City of Boulder which imposes an annual occupation tax upon businesses engaging in the sale of alcoholic beverages.

The ordinance in question is similar to those upheld in *Post v. Grand Junction*, 118 Colo. 434, 195 P.2d 958 (1948), and *Springston v. Fort Collins*, 184 Colo. 126, 518 P.2d 939 (1974). It provides for an annual $1500 fee for hotel and restaurant liquor licenses. The tax varies with the class of liquor license, but each license in a particular class is taxed alike.

At trial, plaintiff's counsel made an opening statement, explicitly detailing the evidence that he would proffer. Upon the close of the statement, the defendants moved for a summary judgment. The court granted the motion and judgment was entered thereon. We affirm.

I.

The plaintiff first argues that, because the ordinance singles out only one occupation for the imposition of the tax, it violates the Equal Protection Clause of the Fourteenth Amendment. Further, plaintiff contends that, although it is

within the power of the City of Boulder to levy an occupation tax, the only proper class upon which to levy is one which must include all occupations since no rational basis exists for selecting any particular occupation in view of the revenue raising purpose of the ordinance.

The powers of the City of Boulder to impose an occupation tax for the purpose of raising revenue is not doubted. *Post v. City of Grand Junction, supra; Springston v. Fort Collins, supra.* Although the equal protection question raised here has not been considered by this court, the law is well settled. In *Oliver Iron Mining Co. v. Lord,* 262 U.S. 172, 43 S. Ct. 526, 67 L. Ed. 929 (1923), the Court held that a state legislature may, consistent with the Fourteenth Amendment Equal Protection Clause,

"exercise a wide discretion in selecting the subjects of taxation, particularly as respects occupation taxes. It may select those who are engaged in one class of business and exclude others, if all similarly situated are ... dealt with according to uniform rules."

The classification made by the legislature will not be open to objection "unless it precludes the assumption that [it] was made in the exercise of legislative judgment and discretion." *Stebbins v. Riley,* 268 U.S. 137, 45 S. Ct. 424, 69 L. Ed. 884 (1925).

Counsel for plaintiff claim that the liquor business is no different than any other business, that any distinction is imaginary and that a classification which includes only the liquor related businesses is necessarily arbitrary and capricious. We cannot agree. Arizona considered the identical question in *Kaufman v. City of Tuscon,* 6 Ariz. App. 429, 433 P.2d 282 (1967). The court held that singling out of liquor related business for the tax burden was neither discriminatory nor arbitrary. The Court quoted McQuillin on Municipal Corporations with approval:

" 'Classifications embodied in municipal licensing legislation must be based upon intrinsic, natural and reasonable distinctions germane to the police or revenue purpose of the law. The difference between the subjects need not be great; and if

any reasonable distinction can be found to exist, the classification imposed by the licensing laws will be sustained. The classifications may reasonably distinguish between business or trades or between different methods of conducting the same general character of business or trade * * * It is inherent in the exercise of power to license or tax that a state or municipality, duly authorized by the state, be free to select the subject of taxation and to grant exemptions. *Neither due process nor equal protection imposes upon a state any rigid rule of equality of taxation.* The Supreme Court has repeatedly held that the inequality which results from the singling out of one particular class for taxation or exemption infringes no constitutional limitation. (Independent Warehouses v. Scheele, 331 U.S. 70, 91 L.Ed. 1346, 67 S.Ct. 1062 (1946)). * * * If no abuse appears, and especially in doubtful cases, courts will not interfere with a licensing classification.' 9 McQuillin on Municipal Corporations § 26.60 at 142 (3d Ed. Rev.). (Emphasis supplied)"

It has further been held that the same facts which justify classification for regulation justify classification for taxing purposes. *Ex parte Asotsky,* 319 Mo. 810, 5 S.W.2d 22 (1928). The liquor related businesses are historically treated as a class for regulatory purposes. Concern over the business of liquor sales and manufacturing as a distinct business is reflected in the U.S. Const. amend. XXI, the Colorado Constitution and C.R.S. 1963, 75-2-1 *et seq.* Public interest is uniquely involved. It is clear that the liquor related businesses form a distinct and justifiable class for regulatory purposes, and thus for taxing purposes.

The trial court was correct in ruling as a matter of law that this classification is within the purview of the legislative body and cannot be assailed if there is some rational and justifiable basis for the classification made in the ordinance.

II.

Plaintiffs next contention is that the Equal Protection Clause of the Fourteenth Amendment is violated in that the fee falls proportionately more heavily upon the less affluent license holder than upon the more affluent. This question

was faced by California in *American Locker Co. v. City of Long Beach,* 75 Cal. App. 2d 280, 170 P.2d 1005 (1946). The court stated that:

"a license tax imposing the same amount upon all engaged in the same business, regardless of . . . profits received therefrom, is not an unreasonable discrimination against any particular person engaged in the business because its net profit is less than that of others engaged in the same business or because the imposition of the tax may even result in some person engaged in the business operating at a loss. (City of Los Angeles v. Los Angeles Independent Gas Co., 152 Cal. 765, 768, 93 P. 1006, and cases therein cited; Alaska Fish Salting & By-Products Co. v. Smith, 255 U.S. 44, 48, 41 S.Ct. 219, 65 L.Ed. 489.)"

A flat license fee will always result in some disparity between the more and the less affluent applicant. This disparity does not rise to a denial of equal protection as long as members within the class are treated uniformly.

### III.

■ The plaintiffs contend further that the tax in question violates the Colo. Const. Art. X, Sec. 3 provision requiring uniformity. *Jackson v. City of Glenwood Springs,* 122 Colo. 323, 221 P.2d 1083 (1950), is dispositive here. There it was stated:

"Our court has consistently held that this constitutional provision refers to the levy of ad valorem taxes upon property, and does not apply to taxes imposed upon privileges and occupations."

The evidence proffered, of disparity, does not change the rule.

### IV.

Closely related to the equal protection argument is plaintiff's claim that the· tax is confiscatory in that it will ". . . create a severe financial burden on liquor businesses marginally capitalized."

■ The rule is that a given tax is confiscatory if it is prohibitive of a whole occupation, not just of individual businesses. *Kaufman v. City of Tucson,* 6 Ariz. App. 429,

433 P.2d 282 (1967); *Louisville v. Sagalowski,* 136 Ky. 324, 124 S.W. 339 (Ct. App. 1910). Measured by this standard, the tax cannot be held to be confiscatory. Plaintiff would have introduced evidence of the variations of the gross receipts of various holders of the hotel-restaurant licenses. This would not have tended to show that the tax prohibits the occupation. Further, that the tax may tend to discourage some who would otherwise go into the liquor related business, does not, even if true, amount to confiscation.

## V.

 The final argument is that the ordinance is in violation of Colo. Const. Art. XXII vesting in the state legislature exclusive responsibility for regulating the liquor industry. The plaintiffs argue that the city, under the guise of taxing for the purpose of raising revenue, is regulating the industry, thereby encroaching upon the state's power. We do not agree.

The ordinance fails to provide for regulation which might indicate some exercise of the police power, and further, it explicitly states that "no delinquency in the payment of this tax shall be grounds for suspension or revocation of the liquor license." *Post v. Grand Junction,* 118 Colo. 434, 195 P.2d 958 (1948), as well as *Springston v. Fort Collins,* 184 Colo. 126, 518 P.2d 939 (1974), in upholding similar ordinances against similar allegations, note that this same provision indicates a taxing, not a regulatory measure.

 Before the city council enacted the ordinance, it conducted preliminary investigation of the costs involved in administering the licensing procedure, and based the fee for the license on these anticipated cost figures. Although occupational taxes need not be levied in accordance with costs, as long as they are not confiscatory, *Springston, supra,* it is reasonable to assume from the city's procedure, that the council was attempting an equitable distribution of the tax burden. We hold that the purpose of the ordinance is, as it is purported to be, to raise revenue for the city. Any secondary effect of the ordinance to discourage entrants into the business will not affect its validity as a revenue raising

measure enacted under the taxing power of the City of Boulder.

Judgment affirmed.

MR. JUSTICE ERICKSON dissents.