**No. 26592**

**First National Bank of Denver, Trustee and Grand Lodge I.O.O.F. of Colorado v. The Board of County Commissioners City and County of Denver, Colorado, Raymond E. Carper, A. A. Hall, and Howard A. Latting, constituting the Colorado Tax Commission, and The Colorado Tax Commission**

(538 P.2d 427)

Decided July 14, 1975.

Butler, Lepore, Landrum and Pierce, P.C., Robert G. Pierce, for plaintiffs-appellants.

John P. Moore, Attorney General, John E. Bush, Deputy, Eugene F. Megyesy, Jr., Assistant, Max P. Zall, Denver City Attorney, Gerald Himelgrin, Assistant, for defendants-appellees.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

The Colorado Tax Commission ruled that a parcel of real property in the legal ownership of the First National Bank of Denver (Bank) and leased by the Grand Lodge I.O.O.F. of Colorado (Lodge), was not entitled to a tax exemption because it was not both owned and used for charitable purposes as required by statute. In a district court action, the appellants challenged this ruling and sought an order requiring the tax commission to allow this exemption. The district court entered a judgment which affirmed the ruling of the tax commission, and the appellants initiated this appeal. We affirm the judgment of the district court.

On April 2, 1910, George W. Skinner leased a parcel of real property to the Lodge for a period of 99 years less one day. Legal title later passed to the Bank as the trustee of the estate of George W. Skinner. Pursuant to the provisions of the lease, the Lodge removed the existing buildings and constructed a new building. Under the lease, the Lodge agreed to pay all taxes assessed against the property. A portion of this property is used exclusively for charitable purposes by the Lodge, and it is this portion which is in issue here.

Prior to 1964, this property had been exempted from taxation under C.R.S. 1963, 137-1-3(8), which provided:

"The following shall be exempt from taxation under this chapter . . . Property, real and personal, which *is used* solely and exclusively for strictly charitable purposes." (Emphasis added.)

In 1964, the legislature amended the statute to provide

"The following shall be exempt from taxation under this chapter . . . Property, real and personal, that *is owned and used* solely and exclusively for charitable purposes, and not for private or corporate profit." 1965 Perm. Supp., C.R.S. 1963, 137-2-1 (Emphasis added.) [1]

On November 10, 1970, the tax commission ruled that as of January 1, 1965, the property no longer qualified for the exemption, because it was not owned and used for charitable purposes. The appellants were notified of this ruling and initiated the district court action to challenge it.

## I.

■ Appellants assert that the exemption statute now violates Article X, Section 5 of the Colorado Constitution, which provides

"Property, real and personal, that is used solely and exclusively for religious worship, for schools or for strictly charitable purposes . . . shall be exempt from taxation, unless otherwise provided by general law."

Because the statute required both ownership and use, appellants contend that the statute conflicts with the constitution, which requires only use. In *McGlone v. First Baptist Church of Denver*, 97 Colo. 427, 50 P.2d 547 (1935), this court interpreted this section of the Colorado Constitution as follows:

"It will be observed that under the constitutional provision with reference to exemptions, it is expressly provided that the property therein exempted 'shall be exempt from taxation, unless otherwise provided by general law,' thus leaving it absolutely within the power of the legislature to limit, modify, or abolish the exemption provided by the constitution."

The 1964 amendment to the statute did what the constitution authorized by providing the additional requirement of ownership. *United Presbyterian Association v. Board of County Commissioners*, 167 Colo. 485, 448 P.2d 967 (1968) also recognized the power of the legislature to remove completely the tax exemption of properties used for charitable purposes.

In this case, the legislature has removed the tax exemption of certain properties used but now owned for charitable purposes. It has provided that the additional requirement, that the property be owned by the person or entity using it for charitable purposes, is necessary to qualify for the exemption.

■ There can be no serious question that the tax commission and the district court below were correct in their determination that this prop-

---

[1]Now section 39-3-101(1)(g), C.R.S. 1973.

erty is not "owned" for strictly charitable purposes. The uncontested facts establish that this property is owned by the Bank as trustee of the estate of George W. Skinner. The statute is not in violation of the Colorado Constitution.

## II.

■ The parties have briefed the issue of whether this construction of the statute violates the Equal Protection Clause of the federal constitution. It is asserted on behalf of the appellants that constitutionally a charity which leases property cannot be treated differently under the tax exemption statute than a charity which owns the property it uses. We do not agree with this assertion.

■ The United States Supreme Court has frequently examined state taxing statutes in terms of the Equal Protection Clause. In *Allied Stores of Ohio, Inc. v. Bowers*, 358 U.S. 522, 79 S.Ct. 437, 3 L.Ed.2d 480 (1959), the court considered an equal protection argument in relation to an Ohio statute which exempted certain property held by nonresidents of the state from ad valorem taxation, but did not exempt identical property when held by residents of the state. In reaching the conclusion that this statute is valid, the court stated:

"The applicable principles have been often stated and are entirely familiar. The states have a very wide discretion in the laying of their taxes. When dealing with their proper domestic concerns, and not trenching upon the prerogatives of the National Government or violating the guaranties of the Federal Constitution, the States have the attribute of sovereign powers in devising their fiscal systems to ensure revenue and foster local interests. Of course, the States, in the exercise of their taxing power, are subject to the requirements of the Equal Protection Clause of the Fourteenth Amendment. But that Clause imposes no iron rule of equality, prohibiting the flexibility and variety that are appropriate to reasonable schemes of state taxation. The State . . . is not required to resort to close distinctions or to maintain precise, scientific uniformity with reference to composition, use or value."

The Court in *Bowers* then reiterated the rule that "a classification [al]though discriminatory, is not arbitrary or violative of the Equal Protection Clause of the Fourteenth Amendment *if any state of facts reasonably can be conceived that would sustain it*." (Emphasis added.)

The United States Supreme Court has frequently followed similar reasoning in state taxation cases involving an equal protection challenge. The most recent cases are *Kahn v. Shevin*, 416 U.S. 351, 94 S.Ct. 1734, 40 L.Ed.2d 189 (1974) (upholding a Florida statute allowing widows a $500 exemption from property taxation, but denying a similar exemption to widowers) and *Lehnhausen v. Lake Shore Auto Parts Co.*, 410 U.S. 356, 93 S.Ct. 1001, 35 L. Ed.2d 351 (1973) (upholding an Illinois statute exempting individuals from ad valorem taxes on personal property but not exempting corporations).

The rationale of *Bowers* has been also applied in Colorado to uphold taxation ordinances and statutes. *See Tom's Tavern v. City of Boulder*, 186 Colo. 321, 526 P.2d 1328 (1974); *Gates Rubber Co. v. South Suburban Met. & P. Dist.*, 183 Colo. 222, 516 P.2d 436 (1973). In *Western Electric Co. v. Weed*, 185 Colo. 340, 524 P.2d 1369 (1974), we considered and declared valid a statute which provided that a transfer of tangible property by means of a lease or rental agreement should be considered a sale for purposes of Colorado's Sales and Use taxes. We indicated that the requirements of equal protection are satisfied if (1) the legislative classification bears some reasonable relationship to a legitimate state interest, and (2) all persons within a class are treated in the same manner.

There is no doubt that the legislature intended to treat property owned and used by a charity differently than property which is merely used by a charity. Within these two classes, all persons or entities are treated similarly. The purpose that the legislature had in mind when the latest version of section 137-2-1 was passed is readily apparent. By allowing a tax exemption on property that is merely used for charitable purposes, the exemption would often benefit someone other than the charity. In our view, there is clearly a valid basis for the present statutory requirement that before an exemption for a charitable purpose will be allowed, the real property must be owned and used by the charitable organization. Thus, it does not contravene the requirements of equal protection under the Fourteenth Amendment to the Constitution of the United States.

The judgment is affirmed.

MR. CHIEF JUSTICE PRINGLE dissents.

MR. CHIEF JUSTICE PRINGLE dissenting:

I respectfully dissent.

I do not think the statute in question is facially unconstitutional, but I do believe that it was unconstitutionally applied with respect to the parties involved in the lawsuit before us.

The Grand Lodge I.O.O.F. of Colorado was the lessee of the real property involved here in a ninety-nine year lease which had all the incidents of ownership, including the obligation to pay all the taxes assessed against the property. I cannot see how it serves a legitimate state purpose to exempt from taxation a charity because it holds title to property which would otherwise be subject to taxation and yet not to exempt a charity because it does not hold title, yet does have the obligation to pay the taxes incident to the holding of title.

In the first case, the charity can devote to its charitable activities the funds which it would otherwise have to give to the state in taxation. In the other case, the charity cannot devote such funds to its charitable activities but must pay the state of Colorado. To me this is a denial of equal protection.

I understand the majority opinion when it points out that the statute was meant to correct abuses which benefitted non-charitable owners who had leased property to charity. I cannot understand its application in this case where the non-charitable owner would get no benefit from the exemption since the charity is required by the lease to pay the taxes.