## No. 25615

Eli Jarmel v. Henry Putnam, County Clerk of Boulder
County and Byron A. Anderson, Secretary of State of the
State of Colorado

(499 P.2d 603)

Decided July 28, 1972.

Jeremy Shamos, for petitioner.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, E. Ronald Beeks, Assistant, for respondents.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

This is an action brought by Eli Jarmel against Henry Putnam, the County Clerk of Boulder County, and Byron A. Anderson, Secretary of State, in which Jarmel seeks to compel them to permit him to register to vote in the primary election to take place in Colorado on September 12, 1972. Jarmel contends that the three months durational residence required by the Colorado Constitution and the statutes of this state as a prerequisite to registration to vote is unconstitutional as violative of the United States Constitution, Article XIV.

Colorado already has provided that in presidential elections only a 29 day durational residency is required to enable one to vote, and no attack is made upon this provision of the statute, 1971 Perm. Supp., C.R.S. 1963, 49-24-1. We are therefore concerned here with residency requirements for registering for elections other than presidential elections.

The parties agree that Jarmel is qualified for registration at the present time in all respects save that he will not have satisfied the three months durational residency requirement by September 12, 1972, the date of the primary election in Colorado, since his residence in Colorado was established on June 14, 1972.

The course of decision in this case is inescapably

charted by *Dunn v. Blumstein,* 405 U.S. 330, 92 S.Ct. 995, 31 L.Ed.2d 274. As was pointed out there, the right to vote is at the core of our constitutional system and is a fundamental right of every citizen. There must be no discrimination between citizens with respect to that right, even as to a recent arrival, except for a compelling state interest which cannot be reasonably protected in any other way, *Dunn v. Blumstein, supra.* We see no difference in the arguments made by the state here to demonstrate a compelling state need and those already rejected by the United States Supreme Court in *Dunn v. Blumstein, supra,* and other cases decided in state courts of the highest jurisdiction since *Dunn, Delgiorno v. Huisman* (Wyo. June 30, 1972), 498 P.2d 1246, *In the Matter of the Application of Nelson Atkin v. Onodaga County Board of Elections* (N.Y. June 7, 1972), 285 N.E.2d 687;*Moen v. Erlandson* (Wash. June 22, 1972), 498 P.2d 849. We therefore hold that Article VII, Section 1(a) of the Constitution of Colorado and 1971 Perm. Supp., C.R.S. 1963, 49-3-1(1)(c), insofar as they attempt to establish a three months durational residency as a condition of the right to vote, are unconstitutional under U.S. Const. Art. XIV.

As did the majority in *Dunn,* we agree that the state is entitled to a reasonable time to complete whatever administrative tasks are necessary to prevent fraud. In Tennessee, the state of origin of *Dunn,* the legislature had provided a 30 day cut-off point for registration. In Colorado, that time is set by statute at 32 days. 1971 Perm. Supp., C.R.S. 1963, 49-4-2(1). While Justice Marshall in Dunn, indicated that 30 days was constitutionally acceptable, we think the extra two days allotted for this purpose by the Colorado Legislature is not so unreasonable a deviation from that standard as to make it unconstitutional, and we therefore determine that the requirement that registration books be closed after the 32nd day before an election is constitutionally valid.

The attorney general states in his brief that he feared wholesale movement of transients to Colorado for the purpose of influencing elections. That point was raised in

other cases and held not to be valid. We would point out that we do not in any way today abrogate the principle that a state may require its voters to be residents. Of course, the status of transient is not that of residency. As in Tennessee, Colorado has at its disposal a variety of criminal laws to deter and punish fraudulent voter registrations.

We do not deem it necessary to engage in a lengthy disquisition concerning the constitutional principles upon which our decision is grounded, as they are explored in great detail in *Dunn v. Blumstein, supra.* As a pronouncement of the United States Supreme Court they are the supreme law of the land.

The rule is made absolute and Respondents are directed to register the Petitioner and any other persons otherwise qualified as electors who are or will be residents of the state for 32 days on the date of the election for which they seek to register.

MR. JUSTICE HODGES not participating.