No. 25762

The Gates Rubber Company, a Colorado corporation v. South Suburban Metropolitan Recreation and Park District, Arapahoe and Denver Counties, Colorado, a quasi-municipal corporation

(516 P.2d 436)

Decided November 19, 1973. Opinion modified and as modified rehearing denied December 17, 1973.

Banta, Banta & Eitel, Richard L. Banta, Jr., for plaintiff-appellee.

McMartin and Burke, W. Richard McMartin, for defendant-appellant.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This appeal involves the question of whether property of appellee Gates Rubber Company situated within the boundaries of South Suburban Metropolitan Recreation and Park District (hereinafter referred to as the District) is subject to ad valorem taxes. We answer this question in the affirmative.

At the time of creation of the District in 1959, the subject property was a track of more than 40 acres and primarily used for agricultural purposes. In accordance with C.R.S. 1963, 89-12-8(1), the property was not included in the District. The section reads:

"Any provision to the contrary notwithstanding, no tract or parcel of real estate used for manufacturing, mining, railroad or industrial purposes, which, together with the buildings, improvements, machinery and equipment thereon situated, shall have an assessed valuation in excess of twenty-five thousand dollars at the date of filing the petition mentioned in section 89-12-4, or any tract of farm or ranch land of forty acres or more used primarily for agricultural purposes, shall be included in any district organized under this article without the written consent of the owners thereof. No

personal property shall be included within any district which is situated upon real estate not included in such district. If, contrary to the provisions of this section, any such tract, parcel or personal property is included in any district, the owners thereof, on petition to the court having jurisdiction, shall be entitled to have such property excluded from the district free and clear of any contract, obligation, lien or charge to which it may or might have been liable as a part of the district."

Subsequently, the Gates Rubber Company purchased the land and constructed a large manufacturing plant on the property which is valued in excess of $25,000. The District appellant sought to vacate the exclusion pursuant to C.R.S. 1963, 89-12-8(2). That section reads:

"In the event that the use of any tract of farm or ranch land of forty acres or more lying within the boundaries of any metropolitan recreation and/or park district created heretofore, or hereafter created under the provisions of this article has or will be changed from that of 'agricultural lands' as such term is defined in this article, then such lands and the personal property thereon shall no longer be excluded from said district and, after due notice by the board of directors of the metropolitan recreation district to the property owner, with right of a hearing for said property owner within a ten day period, shall be subject to all obligations, liens, or charges of said district from January 1 of the year following such change in use."

The Board of Directors for the District found that the property was not entitled to the agricultural exemption, and the Board ordered that the property be included and taxed. Gates then commenced this action in which it sought to have its property excluded from the District.

The trial court held that the grandfather clause of C.R.S. 1963, 89-12-8(1) is unconstitutional in that it arbitrarily excludes manufacturing plants such as Gates who were in the District at the time of its formation, while imposing taxes on property which was converted to manufacturing purposes after the creation of the District. The court declared that the

words "at the date of filing the petition" should be stricken from the statute. The court ordered that Gates' property be excluded from the District. The District appealed that judgment. We reverse.

I.

We note at the outset that "grandfather clauses" such as the type set forth in C.R.S. 1963, 89-12-8(1) are a widely used method for legislative classification of interests. Essentially, they are designed to preserve and protect those interests existing at the time of a legislative enactment. They have a firm basis in law and experience, for they provide continuity and predictability in human affairs. Absent a showing that the legislative classification which creates a "grandfather's clause" is unconstitutional, this court will not disturb such schemes. Indeed, should the legislature fail to provide for those rights existing at the time of a statutory enactment, they may run afoul of the principle that vested rights may not be impaired by the retroactive operation of a statute. *McCowan v. Equitable Life Assurance Soc. of U.S.,* 116 Colo. 78, 179 P.2d 275 (1947); *United States v. McPhee,* 51 Colo. 425, 118 P. 996 (1911); *Gardner v. Resumption Mining & Smelting Co.,* 4 Colo. App. 271, 35 P. 674 (1894). *See also Lohf v. Casey,* 330 F. Supp. 356 (D. Colo. 1971).

II.

Gates contends, however, that the scheme set forth in C.R.S. 1963, 89-12-8 is unconstitutional. Succinctly stated, its argument is as follows: Firstly, that by section 89-12-8(1) the land at the time they purchased it was not included in the District. Secondly, Gates having lost the original exclusion from taxation by operation of section 89-12-8(2), the resulting classification, subjecting its manufacturing plant and property to taxation, while excluding all others within the grandfather clause of 89-12-8(1), denies it equal protection of the laws and due process of law under the United States Constitution and is a violation of Colo. Const., Art. X, § 3. We disagree.

Though the precise issue of the constitutionality of this statutory scheme has not been explicitly presented in our

prior decisions, *District 50 Metropolitan Recreation District v. Burnside,* 167 Colo. 425, 448 P.2d 788 (1968); *In Re District 50 v. Furbush,* 166 Colo. 63, 441 P.2d 645 (1968); *District 50 Metropolitan Recreation Dist. v. Burnside,* 157 Colo. 183, 401 P.2d 833 (1965), Gates misapprehends the applicable principles of law which govern this case. Clearly, since two manufacturers are treated differently, discrimination exists. But it does not follow that the statute is unconstitutional. One who assails a statute bears the burden of showing it is unconstitutional. *Colorado Chiropractic Ass'n. v. Colorado,* 171 Colo. 395, 467 P.2d 795 (1970). Further, a presumption in favor of constitutionality exists. *Love v. Bell,* 171 Colo. 27, 465 P.2d 118 (1970); *Allen v. Bailey,* 91 Colo. 260, 14 P.2d 1087 (1932). Absent a demonstration that legislation touches, concerns or infringes a fundamental right — which shifts the onus of proof to the State, *Jarmel v. Putnam,* 179 Colo. 215, 499 P.2d 603 (1972) — the scope of our review under the equal protection clause is limited to determining whether there is a rational basis for the exercise of legislative power, *Wheeler v. Rudolph,* 162 Colo. 410, 426 P.2d 762 (1967). Similarly, our analysis of due process issues is generally a limited inquiry, for we only need find that the legislation is a proper subject of legislative power to uphold a statute, *People ex rel. Dunbar v. Kogul,* 179 Colo. 394, 501 P.2d 738 (1972). The foundation for these principles, of course, is the sound constitutional philosophy that we do not unnecessarily interdict the actions of another branch of our government. Colo. Const., art. III.

Viewed in light of these principles, it is manifestly clear the statutory scheme is constitutional. Due process is not denied, for taxation is indisputably a legislative prerogative. Colo. Const., art. X. Nor is equal protection denied. The basis for the different treatment of the two classes of manufacturers is to make provision for the increased costs attributable to the proliferation of manufacturing plants and the attendant impact from its employees using the facilities of a recreational district after the district is created. This is certainly a rational basis for the discrimination imposed by

the statute. Accordingly, we hold C.R.S. 1963, 89-12-8(1) is constitutional.

The judgment of the district court is reversed, and the cause is remanded with directions to vacate the order excluding Gates from the District.

MR. JUSTICE LEE does not participate.