## No. 26254

Myles Rademan, Joy Rademan, Julian Beaver, Monica Beaver, Richard D. Rogow, and Pamela J. Mann v. City and County of Denver, Board of Adjustment (Zoning) of the City and County of Denver, individually and the members thereof, and Anthony H. Jansen, individually and as Zoning Administrator of the City and County of Denver AND Greater Park Hill Community, Inc., a Colorado Non-Profit Corporation; Park Hill Improvement Association, Inc., a Colorado Non-Profit Corporation; Cranmer Park — Hill Top Civic Association, a Colorado Non-Profit Corporation; David M. Abbott, John B. Baumann, Gordon M. Bourne, Arthur Cassidy, Robert B. Hickman, and Lucille Wright

(526 P.2d 1325)

Decided September 30, 1974.

Robert Tabor Booms, for plaintiffs-appellants.

Max P. Zall, City Attorney, Earl T. Thrasher, Assistant, Robert M. Kelly, Assistant, for defendants-appellees.

Davis, Graham & Stubbs, Richard P. Holme, for intervenors-appellees.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The plaintiffs sought relief from an order of the Board of Adjustment of the City and County of Denver to vacate a residence in the Park Hill section of Denver by bringing an action for a declaratory judgment (C.R.C.P. 57) and for an injunction (C.R.C.P. 65). At the close of the plaintiffs' evidence, the trial court entered judgment for the defendants, and the plaintiffs have appealed. The plaintiffs allege that Section 612.1-3(1)(b) and Section 619.400 of the Revised Municipal Code of the City and County of Denver, which permit only single unit dwellings in certain areas, deprive them of rights guaranteed by the Fourteenth Amendment to the United States Constitution. We affirm the trial court.

This action was commenced after the Zoning Administrator for the City and County of Denver ordered the plaintiffs to vacate a house because of their violation of the zoning laws. The plaintiffs appealed the order to the Board of Adjustment which affirmed the decision of the Administrator.

Initially, the plaintiffs' complaint contained not only claims for declaratory judgment and injunctive relief, but also requested relief in the nature of certiorari. C.R.C.P. 106(a)(4). At the time of trial, by stipulation, the certiorari claim was dismissed with prejudice, and the claims for declaratory judgment and injunctive relief were determined after the plaintiffs concluded their presentation of evidence.

The plaintiffs are two married couples, the Rademans and the Beavers, and two individuals, Pamela J. Mann and Richard D. Rogow. They assert that they have been living together in the house in question as a communal family for more than two years. The record reflects a dispute in the evidence as to the occupancy of the house and the association of the plaintiffs during this time. The plaintiffs assert, although evidence in the record refutes their claim, that they have been organized and have functioned as a single housekeeping unit. It is undisputed, however, that the Rademans and the Beavers jointly purchased the house in issue, since neither couple could effect the purchase without the financial assistance of the other. The plaintiffs claim that housekeeping chores and expenses for groceries, utilities and household repairs are shared by each person on an aliquot basis and that dinner is served as a common meal. Accordingly, the plaintiffs argue that the restriction of certain areas of the City and County of Denver to single family occupancy denies them both equal protection of the law and due process of the law. *U.S. Const.* amend. XIV.

█ Reduced to the lowest common denominator, the plaintiffs' attack on Denver's zoning laws is based on three assertions: (1) The zoning limitations foreclose them from exercising their right to associate freely with whomsoever they wish; (2) Their right of privacy is violated by the zoning restrictions; and (3) The zoning classification arbitrarily distinguishes between family and non-family units. The Constitution, in their opinion, grants them a right to maintain a household and to live with anyone they choose. *See Griswold v. Connecticut,* 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965); *United States Department of Agriculture v. Moreno,* 413 U.S. 528, 93 S.Ct. 2821, 37

L.Ed.2d 782 (1973). Even though the rights of freedom of association and of privacy are cherished rights, they must yield, as we view the Constitution, to valid zoning regulations.

■ If a zoning ordinance impinges on fundamental rights, the ordinance may be sustained only upon a showing that the burden imposed is necessary to protect a compelling and substantial government interest. However, *Village of Belle Terre v. Boraas,* 461 U.S. 1, 94 S.Ct. 1536, 39 L.Ed.2d 797 (1974), reflects that zoning regulations of the type which are in issue in this case should be judged, in measuring equal protection under the Fourteenth Amendment, by the minimum rationality test. Justice Douglas stated that this kind of local governmental control "involves no 'fundamental' right guaranteed by the Constitution . . . . We deal with economic and social legislation where legislatures have historically drawn lines which we respect against the charge of violation of the Equal Protection Clause if the law be 'reasonable not arbitrary' . . . and bears 'a rational relationship to a [permissible] state objective.' " *Village of Belle Terre v. Boraas, supra. See also, San Antonio Independent School District v. Rodriguez,* 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973).

The proper analysis, therefore, is to determine whether the zoning ordinances in issue bear a rational relationship to a permissible state objective and do not arbitrarily distinguish between family and non-family dwellings. *Village of Belle Terre v. Boraas, supra.*

■ Zoning is a clearly proper exercise of state police power. The governing body of a municipality may legislate to control population density. It may utilize its police power to develop "land use projects addressed to family needs." *Village of Belle Terre v. Boraas, supra. See Palo Alto Tenants Union v. Morgan,* 321 F. Supp. 908 (N.D. Cal. 1970), *aff'd. per curiam,* 487 F.2d 883 (9th Cir. 1973).

■ To achieve the purpose of creating places free from congestion and over population, as well as to promote family values, the legislative department may restrict the uses of property in a defined geographic area to single family

dwellings. Such means are reasonably related to the end of planned neighborhood development and prevent the classification from being deemed arbitrary.

 *Village of Belle Terre v. Boraas, supra,* reveals that zoning laws and city planning are areas which are best left to local government and that decisions which relate to the decided course of community development should be upheld, even though a reviewing court may disagree with the wiseness of the municipality's choice. Since the zoning ordinance in this case does not violate the Fourteenth Amendment, the trial court correctly entered judgment for the defendants.

The judgment, therefore, is affirmed.