## No. 26808

Harry Mosgrove, Alan Coloroso, Rex J. Peiton, Silbie West, and Peter Rasmussen v. Town of Federal Heights, a municipal corporation

(543 P.2d 715)

Decided December 8, 1975.

2

Richard B. Bauer, for plaintiffs-appellants.

Stitt, Wittenbrink and Roan, P.C., James R. Stitt, for defendant-appellee.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This is an appeal from a trial court ruling upholding the constitutionality of ordinance in the Town of Federal Heights requiring the construction of two types of fencing for multi-family dwellings. We affirm.

The ordinance in question requires six foot board fences to be erected around trash collection areas (trash receptacle fencing) and wood or masonry fences to be erected around the side and rear lot boundaries (perimeter fencing) of multi-family dwellings. Plaintiffs-appellants, five named individuals, brought an action for a declaratory judgment, alleging that the ordinance violates their rights to due process and equal protection of the laws under the United States and Colorado Constitutions.

The trial court reached the following determinations: (1) that the ordinance is a reasonable and proper exercise of appellee's police power; (2) that compliance would not require prohibitive financial expense; (3) that there is a reasonable basis for the classification distinguishing between single and multi-family dwellings; and (4) that trash receptacle fencing alone does not eliminate the trash scattering problem because of a variety of conditions which necessitate the additional construction of perimeter fencing.

I.

Appellants argue that the trial court's determination in (4) was contrary to undisputed evidence adduced at trial which established that trash

4

receptacle fencing would eliminate the problem without imposing on appellants the additional financial burden of erecting perimeter fencing.

■ A review of the record indicates that this is not the case. For example, there is testimony in the record to the effect that refuse matter is continually scattered on the grounds of apartment complexes, that winds blow this material onto adjacent properties, and that the problem would not be curtailed by fencing around the trash collection areas alone.

■ The record further reflects that perimeter fencing would combat a recurring problem of pedestrian trespass from multi-family areas onto adjacent properties. It is a maxim of appellate law that findings of fact which are supported by competent evidence will not be disturbed on review.

II.

■ It is of course an oft-repeated axiom that the constitutionality of legislative enactments is presumed. *Gates Rubber Co., v. South Suburban Metropolitan Recreation and Park District,* 183 Colo. 222, 516 P.2d 436 (1973); *Harding v. Industrial Commission,* 183 Colo. 52, 515 P.2d 95 (1973). As assailant of the ordinance, appellants bear the burden of proving it unconstitutional beyond a reasonable doubt. *Turner v. Lyon,* 189 Colo. 234, 539 P.2d 1241 (1975). That burden has not been met here.

III.

■ Appellants assert the ordinance in question constitutes a violation of due process. The contention has no merit. Constitutionally protected rights are not absolute and many are subject to regulation through a proper exercise of the state's police power. A city may — in the exercise of that power — restrict the use of property in a manner that is not arbitrary or unreasonable and that bears a substantial relationship to a legitimate governmental concern. *Village of Euclid v. Ambler Realty Co.,* 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 (1926); *Nopro v. Cherry Hills Village,* 180 Colo. 217, 504 P.2d 344 (1972); *Apple v. Denver,* 154 Colo. 166, 390 P.2d 91 (1964).

As we stated in *Jones v. Board of Adjustment,* 119 Colo. 420, 204 P.2d 560 (1949): "In every ordered society the state must act as umpire to the extent of preventing one man from so using his property as to prevent others from making a corresponding full and free use of their property."

■ The object of the present ordinance is the protection of the health, safety and welfare of the community. Refuse and litter control is clearly within the framework of that legitimate municipal concern. *See* section 31-12-101(20)(d), C.R.S. 1973. The evidence supports the conclusion that both trash receptacle and perimeter fencing are effective means of dealing with the problem.

## IV.

■ Relating to the court finding that the ordinance does not impose an unreasonable financial burden, the record reflects that the cost of the prescribed fences is by no means prohibitive in relationship to the values of the properties in question. *Apple V. Denver, Supra.*

## V.

We also reject appellants' arguments that the ordinance violates their right to equal protection of the laws. The gravamen of their argument is that the owners of multi-family dwellings are arbitrarily discriminated against when it is shown that fencing requirements are not imposed on the owners of single family dwellings as well.

■ The record reflects that the problem of refuse and litter control becomes correspondingly more acute in proportion to population density. Accordingly, the multi-family property classification has a rational basis. This case does not involve the infringement of fundamental rights or the creation of suspect classification which trigger the necessity for strict judicial scrutiny. *Frontiero v. Richardson,* 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973); *Jarmel v. Putnam,* 179 Colo. 215, 499 P.2d 603 (1972).

■ Absent such factors, legislative classifications which are not unreasonable and arbitrary and which bear a rational relationship to legitimate state objectives are deemed to comply with traditional equal protection standards. *Village of Belle Terre v. Boraas,* 416 U.S. 1, 94 S. Ct. 1536, 39 L.Ed.2d 797 (1974); *Gates Rubber Co., supra.* The ordinance in question meets this test.

■ Legislatures are presumed to have acted constitutionally; statutory classifications will be set aside only if no grounds can be conceived to justify them. *McDonald v. Board of Election Commissioners,* 394 U.S. 802, 89 S.Ct. 1404, 22 L.Ed.2d 739 (1969). The multi-family dwelling classification, as we stated above, has ample justification.

## VI.

■ Appellants' contention that the statute is unconstitutional as applied is not properly before us at this time. They argue that the ordinance *might* require commonly owned adjacent multi-family units with shared parking facilities to be severed by a fence. We would note parenthetically that the record reflects evidence to the effect that the ordinance would be interpreted to avoid such a result. The problem of an unreasonable application of the ordinance is as yet wholly hypothetical.

The judgment is affirmed.

MR. JUSTICE KELLEY, MR. JUSTICE GROVES, and MR. JUSTICE ERICKSON concur in part and dissent in part.

6

MR. JUSTICE GROVES dissenting in part.

I respectfully dissent to the portion of the opinion which upholds the ordinance requirement of perimeter fencing. The ordinance reads that such fencing shall be "installed along the side and rear lot lines of the site . . . which fence shall be so constructed as to constitute a barrier as to any trash, waste paper, refuse or other waste which might be blown or otherwise carried off such property . . . ." To me this provision requires that the side fences must proceed from the rear lot line to the front lot line. I regard it as highly arbitrary and unreasonable to require a side fence in the front yard from a point at the sidewalk to a point opposite the front projection of the building. Further, I regard such a requirement as an unconstitutional taking of property.

MR. JUSTICE ERICKSON dissenting in part.

I respectfully dissent to that portion of the opinion which upholds the ordinance requirement of perimeter fencing. Absent valid legislative restrictions, I believe the citizens of Colorado are entitled to enjoy maximum free and unrestricted use of their property. If a restriction upon the use of property is to be upheld as a valid exercise of the police power, that restriction must be "reasonable not arbitrary," bearing a "rational relationship to a [permissible] state objective." *Village of Belle Terre v. Boraas,* 416 U.S. 1, 94 S.Ct. 1536, 39 L.Ed.2d 797 (1974); *see also San Antonio Independent School District v. Rodriguez,* 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973); *Rademan v. City and County of Denver,* 186 Colo. 250, 526 P.2d 1325 (1974).

The ordinance in issue states that the owners of multiple-family dwelling units

"shall be required to install within 180 days, on the side and rear lot lines of the building site, a solid fence of wood or masonry construction permitted by the Uniform Building Code or other ordinance of the Town and so constructed as to prevent trash, wastepaper, refuse and other waste from said multi-family dwelling units from being blown or otherwise carried off the property."

A fair interpretation of this ordinance indicates that side fences must be constructed from the rear lot line to the front lot line. The owners are required to use wood or masonry building materials. The fact that a full enclosure is not required suggests a less than *rational* solution to the problem of "trash, wastepaper, and refuse . . . being blown or otherwise carried off the property." As interpreted, this statute is not reasonably calculated to accomplish its purpose and produces an arbitrary and oppressive result. Trash receptacle fencing is not subject to constitutional attack, and that part of the ordinance is valid. However, to add the additional burden of perimeter fencing, under the circumstances of this case, dictates that we strike down that portion of the ordinance.

MR. JUSTICE KELLEY dissenting in part.

I respectfully dissent. I recognize that legislation directed to the promotion of the public health, safety and welfare is presumptively valid. *Nopro v. Town of Cherry Hills*, 180 Colo. 217, 504 P.2d 344 (1973). While I agree with the majority regarding the portion of the ordinance requiring a six-foot board fence to be erected around a trash collection area, I disagree that the perimeter fencing portion of the ordinance is a valid exercise of the police power.

An exercise of the police power is valid only when it is reasonably related to the health, safety, morals, or general welfare of the public. *Euclid v. Ambler Realty Co.*, 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 (1926); *Snyder v. Lakewood*, 189 Colo. 421, 542 P.2d 371; *Wright v. Littleton*, 174 Colo. 318, 483 P.2d 953 (1971). Whether or not the means employed is reasonably related to a legitimate police power objective should be determined by balancing the various competing values. *Combined Communications Corp. v. Denver*, 189 Colo. 462, 542 P.2d 79. (Dissenting opinion.)

I recognize that trash control is a legitimate objective of the police power. But in light of the fencing around the trash receptacle area, I would hold that the expense to the landowner necessitated by the additional perimeter fencing so outweighs the benefits to the public in terms of trash control that it constitutes an unreasonable exercise of the police power. *Stevens v. City of Salisbury*, 240 Md. 556, 214 A.2d 775 (1965).