564 P.2d 415 (1977)
C. Lew HOPKINS, Sue Hopkins, and Gilpin Investment Co., a Colorado Corporation, Plaintiffs-Appellants,
v.
The BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF GILPIN, Defendant-Appellee.
No. 27100.
Supreme Court of Colorado, En Banc.
May 23, 1977.
*416 Elias J. Candell, Lakewood, for plaintiffs-appellants.
Hurth, Yeager & Sisk, John M. Yeager, Boulder, for defendant-appellee.
J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., James L. Kurtz-Phelan, Asst. Atty. Gen., Denver, for intervenor State of Colorado.
LEE, Justice.
Appellants C. Lew and Sue Hopkins and Gilpin Investment Company (Gilpin) appeal from the judgment of the District Court of Gilpin County in favor of appellee Board of County Commissioners of Gilpin County (Board). We affirm in part, reverse in part, and remand with directions.
Appellants own adjacent parcels of land in Gilpin County. The Hopkinses own the West Pewabic mining claim, which is roughly parallel to the Becky Sharp claim owned by Gilpin. Each parcel is bisected by County Highway 279, which runs north and south through the properties. Appellants wish to exchange parts of their holdings so that the Hopkinses will own both pieces *417 west of the highway and Gilpin will own both pieces east of the highway.
The tract sought to be transferred to the Hopkinses was described as:
Surface rights only to a depth of 100 feet, of all that part of Becky Sharp lode mining claim, U. S. Survey No. 636, westerly of the Central City-Idaho Springs Road, also known as Colorado Highway No. 279 (now owned by Gilpin Investment Co.).
The tract sought to be transferred to Gilpin was described as:
All that part of West Pewabic lode mining claim, U. S. Survey No. 172, easterly and northerly of Federal lode mining claim, U. S. Survey No. 107 (now owned by Hopkinses).
This controversy arose because of the limitations and restrictions on the sale or transfer of land under section 30-28-101 et seq., C.R.S.1973, relating to the subdivision of unincorporated territory.
The West Pewabic claim comprises only 2.729 acres and the Becky Sharp claim only 3.60 acres. Thus, each parcel constitutes a subdivision under section 30-28-101(10), C.R.S.1973 (1976 Supp.), and may not be transferred without approval by the board of county commissioners. Section 30-28-110(4)(a), C.R.S.1973.
The Board rejected appellants' request under section 30-28-101(10)(d), C.R.S.1973, for exemption from the above statutes, for the reason that appellants failed to provide proper legal descriptions of the parcels. Appellants then instituted this action in district court, in four claims requesting (1) that the statute requiring approval for transfers of subdivided land be declared unconstitutional; (2) that the court approve the proposed transfers; (3) that the court hold that the Board exceeded its authority in denying appellants' request for exemption and in requiring a $125 fee before considering the request; and (4) that Gilpin be awarded damages by way of inverse condemnation from the Board, arising from the alleged taking of a portion of Gilpin's Federal lode mining claim, U. S. Survey No. 107, by the relocation of County Highway No. 279, for which no compensation had been paid Gilpin, or, in the alternative, a decree quieting its title to that mining claim, and further decreeing that the Board had no right, title or interest therein. The court found for the appellee on all grounds and this appeal followed.

I.
Appellants first challenge the constitutionality of section 30-28-110(4)(a), C.R.S.1973, which requires approval by the Board for transfers of subdivided land, defined by section 30-28-101(10)(b) as parcels under thirty-five acres in size. Appellants contend essentially that this statute denies due process and equal protection of the law, as guaranteed by the United States and Colorado Constitutions.
Appellants bear the burden of showing this statute to be unconstitutional beyond a reasonable doubt, by clear and convincing evidence. Johnson v. Division of Employment, Colo., 550 P.2d 334; Sundance Hills v. County Comm., 188 Colo. 321, 534 P.2d 1212. In the area of zoning and other restrictions on land use, this standard requires that appellants show that the challenged statute bears no substantial relation to public health, safety, morals or welfare, or that it precludes the use of the affected property for any reasonable purpose. Board of County Com'rs v. Mountain Air Ranch, Colo., 563 P.2d 341, announced January 31, 1977; Ford Leasing v. County Comm., 186 Colo. 418, 528 P.2d 237. Appellants have failed to discharge their burden of showing the statute is unconstitutional.
Preliminarily, we observe that the boards of county commissioners of the respective counties are charged with the control of the physical development of the unincorporated territory of the counties. Section 30-28-102, C.R.S.1973. In the exercise of this function, the Board, acting through its county planning commission, is directed to make and adopt a master plan for the physical development of the unincorporated territory of the county. Section 30-28-106, C.R.S.1973. To this end, the planning commission is required to make careful and *418 comprehensive surveys and studies of existing conditions and the probable future growth of the territory within its jurisdiction, with the general purpose of
"* * * guiding and accomplishing a coordinated, adjusted, and harmonious development of the county or region which, in accordance with present and future needs and resources, will best promote the health, safety, morals, order, convenience, prosperity, or general welfare of the inhabitants, as well as efficiency and economy in the process of development, including such distribution of population and of the uses of land for urbanization, trade, industry, habitation, recreation, agriculture, forestry, and other purposes as will tend to create conditions favorable to health, safety, transportation, prosperity, civic activities, and recreational, educational, and cultural opportunities; will tend to reduce the wastes of physical, financial, or human resources which result from either excessive congestion or excessive scattering of population; and will tend toward an efficient and economic utilization, conservation, and production of the supply of food and water and of drainage, sanitary, and other facilities and resources." Section 30-28-107, C.R.S.1973.
Upon adoption of the master plan, all proposed subdivisions must be submitted for review and approval by the board of county commissioners before recordation. Section 30-28-110(3)(a). Without official approval of the subdivision, the transfer or sale of the subdivided tracts may result in penal sanctions. Section 30-28-110(4)(a).
The foregoing statutory restrictions, as part of the comprehensive planning scheme, bear a reasonable relation to the legitimate state interest in controlling the use and development of unincorporated land in Colorado. In our view, the appellants have not shown that the statute amounts to a confiscatory exercise of the police power, nor a violation of the constitutional right to use and possess property. Mosgrove v. Town of Federal Heights, Colo., 543 P.2d 715; Combined Communications Corp. v. Denver, Colo., 542 P.2d 79.
Appellants have also asserted that section 30-28-110(4)(a) denies them equal protection of the law because it treats landowners unequally by imposing requirements on the owners of land less than thirty-five acres in size, which are not imposed on the owners of larger tracts. It is claimed that this classification has no reasonable basis and cannot be related to any public purpose.
In furtherance of the general purposes of the statute, clearly the legislature could in its wisdom except large tracts from the application of the subdivision regulations, since they do not involve the same considerations implicit in the subdivision and development of smaller tracts. That the legislature might have selected a different size tract does not render the classification unreasonable or irrational, resulting in an unconstitutional denial of equal protection. Equal protection does not demand that classifications be perfect, so long as they are reasonably related to a legitimate state interest. Village of Belle Terre v. Boraas, 416 U.S. 1, 94 S.Ct. 1536, 39 L.Ed.2d 797; People v. Gould, Jr., 188 Colo. 113, 532 P.2d 953; Harding v. Indust. Comm., 183 Colo. 52, 515 P.2d 95. We cannot say that the legislature's decision to exempt property over thirty-five acres in size was an unreasonable classification, and we therefore hold section 30-28-110(4)(a) constitutional. In so doing, we join the great majority of jurisdictions which have considered this question. Annot., 11 A.L.R.2d 524.

II.
We next consider appellants' argument that the Board should have permitted the land exchange and that the Board abused its discretion when it denied their application for exemption from article 28 of title 30, C.R.S.1973. We do not agree.
It is clear that under section 30-28-110(4)(a) and (b) the tracts sought to be exchanged were governed by the limitations of the subdivision statutes and that the proposed transfer of the tracts without *419 prior approval of the Board would be in violation of the statute.
Section 30-28-101(10)(a) in turn defines a subdivision as "any parcel of land in the state * * * which is divided into two or more parcels, separate interests, or interests in common, unless exempted under paragraph (b), (c), or (d) of this subsection (10)." Subsection (d) authorizes boards of county commissioners to exempt any division of land from the definition of a subdivision, and hence from the prohibition of section 30-28-110(4)(a), "if the board of county commissioners determines that such division is not within the purposes of this part 1." Pursuant to this authority, appellee promulgated guidelines for the grant or denial of such exemptions. Guideline 2 provides, "Exemptions may be considered if major natural or manmade features divide the tract of land." Thus, appellants are eligible, under appellee's own guidelines, for an exemption, provided their application conforms to the standards established by the Board.
The record shows that the planning commission, to whom the matter of an exemption must first be presented, recommended that the exemption be granted "* * * provided that a proper mates [metes] and bounds description of the parcels to be created plus a legal description of the Virginia Canyon road [Highway 279] be provided."
Appellants did not furnish a metes and bounds description of the parcels to be exchanged, but rather provided only those particular descriptions as hereinbefore set forth. Attached to their applications were official plats of the mining claims sought to be divided and exchanged, as shown by the United States survey. No metes and bounds description of the parcels to be created or of the road as it crossed the parcels was provided. The Board then denied appellants' applications for that reason.
Expert engineering testimony indicated that the official plats contained sufficient data from which a land survey could be made of the mining claims. However, the location of Highway 279 could not be established from the official plats and, in fact, the evidence showed the physical location of the road had changed over the years. The only means of establishing the exact location of the road in relation to appellants' mining claims would be by a field survey, the cost of which was more than appellants apparently were willing to invest.
Thus, without a field survey actually locating Highway 279, the offered description of the tract to be transferred from Gilpin to the Hopkinses "* * * all that part of Becky Sharp lode mining claim, U. S. Survey No. 636, westerly of the Central City-Idaho Springs Road, * * *"was too indefinite to establish what parcel was to be transferred to the Hopkinses.[1] For the purposes of qualifying the tracts for exemption from the limitations of the statute, we do not agree with appellants that the requirement of a metes and bounds description was unreasonable or arbitrary, or that a denial of the exemption was an abuse of discretion.[2]

III.
Appellants argue that appellee exceeded its authority in imposing a fee of $125 before considering appellants' application for exemption. Appellants contend that this fee is both beyond appellee's power to impose and unreasonable in amount.
As we observed in Board of County Com'rs v. Pfeifer, Colo., 546 P.2d 946, a *420 county possesses only express powers and "those implied powers which are reasonably necessary to execute the express powers." Section 30-28-101(10)(d) grants boards of county commissioners the express power to grant exemptions from the provisions of title 30, article 28. Flowing from this grant of express power must be the implied power to adopt means to defray the costs of considering requests for exemptions. This is true particularly in light of the board of county commissioners' ultimate responsibility for the conduct of the county's fiscal affairs. Wadlow v. Kanaly, 182 Colo. 115, 511 P.2d 484.
Regarding the reasonableness of the fee charged, appellants accurately state that the record contains no evidence. Far from requiring reversal of the court's finding of reasonableness, however, this fact requires affirmance of the finding, since appellants bear the burden of proving the fee unreasonable. Moffitt v. City of Pueblo, 55 Colo. 112, 133 P. 754. Absent contrary evidence, the fee must be presumed reasonable, as the district court correctly found.

IV.
Appellant Gilpin appeals from the disposition by the trial court of its amended fourth claim for relief, in which it sought a decree quieting title to its Federal lode mining claim, U. S. Survey No. 107, as against appellee.
No dispute was raised at the trial concerning Gilpin's title to the mining claim. The district court found, however, that Highway 279 had been in existence for over forty years, and the court concluded that Gilpin's Federal lode mining claim was burdened with the easement of that road.
Gilpin filed a motion under C.R.C.P. 52(b) for additional findings on the exact location of the highway across its property. In our view, the court erred in denying this motion. Gilpin limits the issue on review to the failure of the court to adjudicate and define the length, width and location of the easement.
C.R.C.P. 105(a) provides:
"An action may be brought for the purpose of obtaining a complete adjudication of the rights of all parties thereto, with respect to any real property * * *. The court in its decree shall grant full and adequate relief so as to completely determine the controversy and enforce the rights of the parties. * * *"
The manifest intent of Rule 105(a) is to provide "a complete adjudication of the rights of all parties." The judgment here falls far short of that mark. By failing to define the extent of appellee's interest in appellants' land, the judgment creates a cloud on Gilpin's title and invites confusion and litigation. A similar deficiency in the judgment and decree was noted in the case of Board of Cty. Com'n of Cty. of Delta v. Ogburn, Colo. App., 554 P.2d 700. The court stated:
"* * * [I]t was necessary that the trial court set forth in its decree a definite and certain description of the prescriptive way so that there can be no possible doubt as to its location and width. See DeReus v. Peck, 114 Colo. 107, 162 P.2d 404 (1945). The failure to set forth the limits and direction of the now-public roadway invites future litigation. * * * The trial court should therefore have required the introduction of further testimony in this respect, even to the extent of ordering that a survey be conducted prior to entering final judgment. See Shively v. Board of County Commissioners, 159 Colo. 353, 411 P.2d 782 (1966)."
See also Leach v. Manhart, 102 Colo. 129, 77 P.2d 652; Sprague v. Stead, 56 Colo. 538, 139 P. 544. Since appellee bore the burden of proving title to the highway, Gilpin Invest. v. Perigo, 161 Colo. 252, 421 P.2d 477, the costs of any surveys required to determine the location of the highway shall be borne by Gilpin County. Board of Cty. Com'n of Cty. of Delta v. Ogburn, supra.
The judgment decreeing that Gilpin is the owner of Federal lode mining claim, U. S. Survey No. 107, subject to the easement for Highway 279, is affirmed, except that the cause is reversed and remanded to the district *421 court for further evidence and findings on the precise location and dimension of Highway 279, which shall be incorporated in the final decree of the court.
In all other respects, the judgment of the trial court is affirmed.
ERICKSON, J., does not participate.
NOTES
[1] The description of the tract to be transferred to Gilpin from the Hopkinses was not based on the location of Highway 279 and, in our view, the description, which was determined solely from the official plats of the mining claims, as shown by the United States survey, was adequate for the purpose of the exemption requirements imposed. However, this transfer was contingent upon the transfer of the other tract from Gilpin to the Hopkinses.
[2] We express no opinion herein as to the sufficiency, for ordinary conveyance purposes, of the description of the tract proposed to be transferred from Gilpin to the Hopkinses. See Smith v. Town of Fowler, 138 Colo. 359, 333 P.2d 1034; Harrison v. Everett, 135 Colo. 55, 308 P.2d 216.