The Honorable W.P. "Wad" Hinman State Representative State Capitol Building Denver, CO 80203
Dear Representative Hinman:
This opinion letter is written in response to your December 3, 1981 letter in which you inquired about the constitutionality of legislation which would require that a resident of a park and recreation district, who is not a property taxpayer in the district, to be a registered elector of the district in order to vote in the district election.
QUESTION PRESENTED AND CONCLUSION
Does the legislature have the general authority to impose the requirement that a resident of a park and recreation district, who is not a property taxpayer in the district, be a registered elector of the district in order to vote in the district election?
 My conclusion is "yes." The general assembly has the inherent power to impose a requirement that a resident of a park and recreation district, who is not a property taxpayer in the district, be a registered elector of the district in order to vote in the district election.
ANALYSIS
The Colorado Supreme Court has specifically upheld the right of the legislature to impose registration requirements. Dupreyv. Anderson, 184 Colo. 70, 518 P.2d 807 (1974). The court held that registration "is merely an administrative process designed to facilitate rather than complicate participation in the election process." Duprey v. Anderson,518 P.2d at 809. As long as the requirements for registration do not impose unconstitutional burdens on the right to vote, registration is permissible. Duprey v. Anderson, supra;Jarmel v. Putnam, 179 Colo. 215, 499 P.2d 603 (1972).
The supreme court also has held that a special district election may be subject to more stringent requirements than those requirements imposed on general, primary or special elections.Chesser v. Buchanan, 193 Colo. 471, 568 P.2d 39 (1976). Under the Chesser holding, if the legislature is permitted to require registration in general, primary or special elections, it also has the power to require registration in special district elections. Thus, the legislature has the authority to amend the present special district election statute, C.R.S. 1973, 32-1-804, to provide that registration is a criterium for voting in a special district election.
The purpose of the special district statute, C.R.S. 1973, 32-1-101et seq., is to implement "procedures . . . for the coordinated and orderly creation of special districts." As indicated by the structure of the statute, each type of special district is considered to have qualities both common to and separate from other types of special districts. There are many similarities between park and recreation districts and other special districts. For example, title 32 prescribes the same procedures for organization, inclusion of territory, exclusion of territory, consolidation, dissolution, elections and organization of districts board of directors.
On the other hand, the legislature also recognized that each type of special district has special requirements which require distinctive approaches and powers. For example, the legislature added C.R.S. 1973, 32-1-307 (Supp. 1981) to prevent tracts of land of forty acres or more used primarily for and zoned for agricultural uses from being included in park and recreation districts without the written consent of the owners. This provision adds a requirement that does not exist for other types of districts. Generally, statutory distinctions among special districts are permitted if such distinctions are rationally related to a legitimate state interest. Chesser v.Buchanan, supra; Millis v. Board of CountyCommissioners of Larimer County, ___ Colo. ___, 626 P.2d 652
(1981).
C.R.S. 1973, 32-1-804(1) presently states that "registration pursuant to the general election laws or other laws shall not be required for regular or special elections" for special districts. Your specific question concerns whether this statute may be amended to exempt park and recreation districts from the general prohibition against registration. Under the rational basis test applied in Chesser and Millis, such an exemption is permissible if it is related to a legitimate state interest.
Both Millis v. Board of County Commissioners of LarimerCounty, supra, and Chesser v. Buchanan,supra, permit distinctions between electors within a district. In Chesser, the Colorado Supreme Court upheld a statute which permitted landholders to vote in the Moffat Tunnel Improvement District elections but excluded non-landholders from voting. In Millis, the court upheld a statute which granted the right to vote in a water district election to landholders in the district who were Colorado residents but who did not reside in the district while denying voting rights to district landholders who were not Colorado residents. Thus, so long as there is a rational relationship to a legitimate state interest, the legislature may require a non-property owner to register to vote in a park and recreation district election even though it does not require registration of landholders. See also, McDonald v. Board ofElection Commissioners, 394 U.S. 802 (1971).
SUMMARY
The general assembly may enact legislation which would require that a resident of a park and recreation district who is not a property taxpayer in the district be a registered elector of the district in order to vote in a district election, so long as the distinctions are rationally related to a legitimate state interest.
Very truly yours,
 J.D. MacFARLANE Attorney General
STATUTES SPECIAL DISTRICTS ELECTIONS
C.R.S. 1973, 32-1-804(1)
LEGISLATIVE BRANCH General Assembly House of Representatives
The legislature has the right to require that a person who is not a property taxpayer be registered electors of the district in order to vote.