617

Walter **MAITLAND** and Ruth **Maitland**, Plaintiffs,

v.

**BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF LARIMER**, Intervenor-Appellee,

v.

Leslie B. **DENNING**, Defendant-Appellant.

No. 83CA1218.

Colorado Court of Appeals, Div. II.

Dec. 27, 1984.

Rehearing Denied Feb. 7, 1985.

Certiorari Denied June 24, 1985.

Harden, Schmidt & Hass, P.C., Rick Zier, Fort Collins, for intervenor-appellee.

Joseph P. Jenkins, P.C., Joseph P. Jenkins, Estes Park, for defendant-appellant.

KELLY, Judge.

In this quiet title action, Leslie B. Denning appeals the judgment of the trial court enjoining him from obstructing access by the public to Miller Fork Trail and ordering an on-ground transit and measure survey of the trial. The primary issue raised is whether C.R.C.P. 105(a) provides the basis for amendment of a fifteen-year-old quiet title decree. We hold that the trial court properly applied the rule in this case, and we therefore affirm.

The facts are substantially undisputed. Walter and Ruth Maitland brought suit in 1964 against Lewis V. McWhorter and others to quiet title to certain mountain roads and trails in Larimer County, Colorado, known as Miller Fork Trail. In July 1966, the trial court entered findings that the various roads and trails involved in the action were public ways by virtue of long-time adverse public use. The location of Miller Fork Trail was not in issue.

In February 1968, the trial court entered a decree quieting title to described property in defendants not parties to this appeal, excepting the public roads and ways described in an appendix attached to the decree, which listed traverse points determined by reference to a 1962 United States Geological Survey Map. This decree also enjoined the Maitlands and their heirs, successors, and assigns from obstructing the Miller Fork Trail or preventing or impeding its use by the defendants and the public.

In 1981, Leslie B. Denning purchased a parcel of the Maitlands' property and erected barbed wire fencing across Miller Fork Trail in two places on the north side of Miller Creek, believing that the public way was located on the south side of Miller Creek. Members of the public complained to the Board of County Commissioners of Larimer County about these barbed wire obstructions of the trial, and, in an attempt to resolve the problem, the Board of County Commissioners held public hearings in which Denning participated.

These attempts to mediate the difficulties were unsuccessful, however, and the Board moved to intervene in the quiet title action, to join Denning as a defendant, and to amend the decree so as to locate the trail on the basis of an on-ground survey. The motions to intervene and to join Denning as a defendant were granted.

After hearing, the trial court, acting through a different trial judge, found that the 1968 decree did not precisely fix the location of Miller Fork Trail, and that the decree was confusing and in need of clarification. The trial court further found that the 1962 edition of the United States Geological Survey Map used to determine the traverse points on the south side of Miller Creek was incorrect, and that, to the extent the traverse points put Miller Fork Trail on the south side of Miller Creek, the decree was in conflict with the original findings, and thus, in need of amendment. In order

to correct these inaccuracies, the trial court concluded that an on-ground transit and measure survey was necessary to locate the trail properly. Accordingly, the trial court permanently enjoined Denning from obstructing Miller Creek Trail on the north side of Miller Creek between the two fences previously erected by him. The trial court subsequently entered its final order based on the transit and measure survey of the Larimer County engineer.

We reject Denning's argument that the trial court was without authority under C.R.C.P. 105(a) to amend the 1968 decree. The rule provides:

"An action may be brought for the purpose of obtaining a complete adjudication of the rights of all parties thereto, with respect to any real property and for damages, if any, for the withholding of possession. The court in its decree shall grant full and adequate relief so as to completely determine the controversy and enforce the rights of the parties. *The court may at any time after the entry of the decree make such additional orders as may be required in aid of such decree.*" (emphasis supplied)

■ It is the purpose of C.R.C.P. 105(a) to provide for "a complete adjudication of the rights of all parties" so that the controversy may be ended. *Hopkins v. Board of County Commissioners*, 193 Colo. 230, 564 P.2d 415 (1977). To that end, the decree adjudicating the rights of the parties must accurately reflect the issues and evidence before the trial court. Where, as here, C.R.C.P. 105(a) provides the foundation for an action to declare the existence of an easement, the decree declaring the easement must accurately specify the location of the easement by proper legal description, and, in the absence of such a description, the decree cannot be said to have completely adjudicated the rights of the parties. *Wright v. Horse Creek Ranches*, 659 P.2d 705 (Colo.App. 1982) (*cert. granted* February 14, 1983); *Board of County Commissioners v. Ogburn*, 38 Colo.App. 212, 554 P.2d 700 (1976). Thus, a decree declaring an easement which does not adequately describe the location and extent of the easement is subject not only to additional orders amending the decree, but also to the taking of additional evidence in support thereof. *See Leach v. Manhart*, 102 Colo. 129, 77 P.2d 652 (1938).

■ While Colorado appellate courts have not heretofore been called upon to determine whether the reach of C.R.C.P. 105(a) extends to a fifteen-year-old decree, nothing in this record militates against its application. The delay was not occasioned by the neglect or default of the parties; indeed, the case was not ripe for further litigation. It is uncontroverted that the Maitlands took no action after the 1968 decree interfering with the rights of the public to use the trail on the north side of Miller Creek. It was not until after Denning purchased the property and erected the fences obstructing the trail that the need for action in aid of the decree arose. Only after the erection of the fences by Denning did the specific location of the trail by proper legal description become an issue.

Although Denning argues that there was insufficient evidence to support a number of the findings of the trial court, our examination of the record belies these contentions. Denning's other arguments are also without merit.

The judgment is affirmed.

SMITH and STERNBERG, JJ., concur.