Morgan Smith Executive Director Department of Local Affairs 1313 Sherman Street, Room 518 Denver, Colorado 80203
Dear Mr. Smith:
This opinion letter is in response to your October 31, 1985 letter, in which you inquired whether the statute governing the formation of pest control districts is constitutional, because the statute limits the right to vote in the election for the formation of such a district, to certain owners or lessees of land in the proposed district.
QUESTION PRESENTED AND CONCLUSION
Your request for attorney general's opinion presents the question:
Is the limitation of the right to vote in an election for the formation of a pest control district, to the owners of at least 5 acres of land and the lessees of at least 5 acres of public land, in the proposed district, imposed by section 35-5-104, C.R.S. (1984), clearly a violation of the equal protection of the laws guaranteed by the United States and Colorado Constitutions?
I have concluded that the Colorado statutes governing pest control district formation and operation are within an exception to the "one person, one vote" constitutional standard which applies to general elections. The limitation of the franchise to certain landowners and lessees within a proposed pest control district is not unconstitutional per se, and the statute is presumed to be constitutional. Therefore, a board of county of commissioners should enforce the statute, unless no set of facts could reasonably be conceived of to justify it.
ANALYSIS
Colorado statutes, sections 25-5-101 to 123, C.R.S. (1984) (hereinafter "the Colorado Pest Control District Act"), provide for the establishment of pest control districts under the general supervision of Boards of County Commissioners, for the control and eradication of "noxious weeds, insect pests, or plant diseases injurious to agricultural crops, trees, fruits, or pasture." Section 35-5-104(1), C.R.S. (1984). A district is formed by a petition and election procedure. The petition may be signed only by resident landowners and resident lessees, which are defined as follows:
 (12) "Resident landowner" means a person who owns five or more acres of land within the boundaries of the proposed district and has his legal residence within the county where the proposed district is located or within an adjacent county.
 (12.1) "Resident lessee" means a person leasing five or more acres of state-owned land controlled by the state Board of Land Commissioners within the boundaries of the proposed district and having his legal residence within the county where the proposed district is located or within an adjacent county.
Sections 35-5-101(2) and (12.1), C.R.S. (1984).
The petition is filed with the Board of County Commissioners, who then hold an election on the formation of the district. In that election, only "landowners" and "lessees" as defined in the statute may vote. Those definitions are:
 (7) "Landowner" means a person who owns five or more acres of land within the boundaries of the proposed district.
 (7.1) "Lessee" means a person leasing five or more acres of state-owned land controlled by the State Board of Land Commissioners within the boundaries of the proposed district.
Sections 35-5-101(7) and (7.1), C.R.S. (1984).
If the landowners and lessees who vote in the election in the aggregate own or lease 50 percent of the land in the proposed district, and if 66 2/3 percent of those voting approve, the district is formed. Once a district is formed, the board of county commissioners exercises actual control over the operations of the district, including assessments for control operations, and the imposition of a district tax.
The statute allows the county pest inspector to notify the owners and occupants of any lands in the district of the need to conduct specific control operations. If there is no compliance, the county may perform the work and bill the owner of the land for the cost of the work done on that land. Such assessments which are unpaid become liens on the land, and may be collected as would any delinquent tax. Also, the board of county commissioners may tax all.
The fourteenth amendment to the United States Constitution and ArticleII, sec. 25 of the Colorado Constitution prohibit the state from depriving persons of equal protection of the laws. See, Millis v. Boardof County Commissioners of Larimer County, 626 P.2d 652 (Colo. 1981).
Colorado statutes which create classifications of persons affected by the law, and which treat those groups differently, are permissible so long as they pass muster under these constitutional mandates. The voting scheme found in the Colorado Pest Control District Act must be examined accordingly.
Ordinarily, under the United States Constitution's equal protection clause, laws imposing limitations, or extra requirements, on the right to vote are subjected to the "strict scrutiny" standard of review. In order to withstand a constitutional challenge, the distinctions drawn by such statutes must be necessary in order to promote a compelling state interest. Kramer v. Union Free School District, 395 U.S. 621 (1969);Reynolds v. Sims, 377 U.S. 533 (1964).
Reynolds v. Sims, supra, set out the one person, one vote principle governing legislation which apportions representation in state and local governments and establishes qualifications for voters in the election of such representatives. The United States Supreme Court has declared a limited exception to the Reynolds rule, however, in the case of governmental districts with two characteristics: (1) they have special and limited purposes and authority, as opposed to carrying out traditional government functions; and (2) their activities disproportionately affect landowners as a group. Salyer Land Co. v.Tulare Lake Basin Water Storage District, 410 U.S. 719 (1973); AssociatedEnterprises Inc. v. Toltec Watershed Improvement District, 410 U.S. 743
(1973).
Colorado law recognizes this exception. Millis v. Board of CountyCommissioners of Larimer County, supra; Chesser v. Buchanan, 193 Colo. 471,568 P.2d 39 (1972).
A special district voting rights law which comes within this exception will not be subjected to the "strict scrutiny" standard of review on the question of whether it denies equal protection of the law. Instead, the less stringent "rational relation" test will be applied. The "rational relation" test inquires whether the distinctions drawn by a statute are reasonably related to a `legitimate state interest, or whether they are "wholly irrelevant to the achievement of the regulations objective."Salyer Land Co. v. Tulare Lake Basin Water Storage District, supra, at 730. If any set of facts reasonably may be conceived to justify the statutory scheme, the statute passes constitutional muster in this regard. Id. at 732.
One challenging the constitutionality of a statute has the burden of proving it unconstitutional beyond a reasonable doubt. The statute is presumed to be constitutional. Johnson v. Division of Employment,191 Colo. 38, 550 P.2d 334 (1976).
It is clear that under both federal and state constitutions, the Pest Control District Act may allocate voting rights as to district formation in a fashion different from the "one person, one vote" constitutional standard which governs general elections.
The pest control districts are special districts which do not exercise general governmental powers, and their activities disproportionately affect landowners as a group. Under the holdings of Salyer, Associated Enterprises, Chesser, and Millis, supra, neither the limitation of the franchise to landowners, nor some different treatment of different classes of landowners, would be unconstitutional per se.
The statute is presumed constitutional, and if attacked on equal protection grounds, the "rational relation" test would be applied by the reviewing court. The court would examine the facts and circumstances behind the law, the interests which the state claims to be protecting, and the interests of those who are disadvantaged by the classification.Williams v. Rhodes, 393 U.S. 23 (1968). Only if not set of facts might reasonably be conceived to justify the statutory scheme, would it be invalidated. Salyer Land Co. v. Tulare Lake Basin Water Storage District,supra. The statute is not clearly unconstitutional and therefore it should be enforced, unless not set of facts could reasonably be conceived to justify it.
 SUMMARY 
The Colorado Pest Control District Act is within the "special district" exception to the "one person, one vote" constitutional standard which applies to general election voting rights. The statutory limitation of the franchise in pest control district elections to certain landowners and lessees is not clearly unconstitutional, and a challenge to the scheme would not invoke the "compelling state interest" test of strict scrutiny by the courts. The statute is presumed constitutional and should be enforced, unless no set of facts could reasonably be conceived to justify it.
Very truly yours,

DUANE WOODARD
Attorney General
DW: 7953:wp
cc: Timothy W. Schultz
 Commissioner of Agriculture
 1525 Sherman Street, Room 400
 Denver, CO 80203
STATUTES
SPECIAL DISTRICTS
ELECTIONS

Section 35-5-104, C.R.S. (1984)
LOCAL AFFAIRS
Constitutionality of statute limiting voting rights in formation of pest control district to certain district landowners and lessees.